**Denis RENDE et al., Appellants,**

v.

**Alfred S. KAY, Appellee.**

**No. 22110.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 11, 1969.

Decided June 4, 1969.

Mr. Arthur M. Wagman, Washington, D.C., for appellants.

Mr. Edward J. Gorman, Jr., Washington, D. C., with whom Mr. Arthur V. Butler, Wheaton, Md., was on the brief, for appellee.

Before BAZELON, Chief Judge, and BURGER and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

The District Court held that Rule 25(a)(1) of the Federal Rules of Civil Procedure required dismissal of the plaintiffs' tort action because defendant's counsel had filed a suggestion of death of the defendant yet plaintiff had not made any substitution of parties within 90 days. We reverse on the ground that the suggestion of death, which was neither filed by nor identified a successor or representative of the deceased, such as an executor or administrator, was ineffective to trigger the running of the 90-day period provided by the Rule.

Mr. and Mrs. John Rende filed an action in the District Court individually and on behalf of their infant son who had been struck and injured by Alfred S. Kay while driving his car. On August 27, 1967, defendant Kay died. On September 1, 1967, the defendant's attorney, a term used here to identify the lawyer who had been retained by deceased to defend the action, and who had duly entered an appearance as attorney for defendant, filed a suggestion of death in the District Court, giving notice to plaintiffs' attorney. That same day there was filed in the Orphans Court for Montgomery County, Maryland, residence of the deceased, his will naming his widow as executrix, but the will had not been probated, nor any legal representative appointed for the estate at the time of the filing of this appeal.

Plaintiffs' attorney was injured on October 14, 1967. On returning to practice early in 1968, he learned that no successor to defendant Kay had yet been appointed, and he moved to certify the case to the ready calendar. The defendant's attorney opposed this on grounds that discovery procedures had not been completed. The case was delayed and placed on the ready calendar as of June 7, 1968.

However, in April 1968, the defendant's attorney moved in his own name to dismiss the action on the ground that Rule 25(a)(1) required plaintiffs to move to substitute a proper party for the deceased within 90 days of the suggestion of death. Plaintiffs filed an opposition and motion for substitution of the proper party, and sought an extension of the time for substitution as allowed by Rule 6(b). At argument, plaintiffs' counsel asserted the "suggestion of death was defective in that it did not list the name of the proper party; that is the legal representative of the defendant." The court responded: "That would not be his burden." The court dismissed the action with prejudice.

Prior to its amendment in 1963, Rule 25(a)(1) required the court to dismiss a case if no motion for substitution was filed within two years after date of death, and no extensions of this period were allowed under Rule 6(b). The rule was rigorously applied, often with harsh results,[1] and was called "easily the poorest rule of all the Federal Rules."[2] In 1955 the Advisory Committee on Rules for Civil Procedure recommended that the two-year period be changed to a "reasonable time" standard. In 1961 the Advisory Committee on Civil Rules again suggested the Rule be made more flexible. In 1963 the Supreme Court made changes in Rule 25(a)(1) and in Rule 6(b) so as to provide a 90-day time limit from the filing of a suggestion of death, and to give the court discretion to extend that time.[3]

---

1. *See, e. g.*, Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1947).

2. 4 Moore's Federal Practice, ¶ 25.01 [7], 510 (2d ed. 1950).

3. Rule 6. *TIME* * * *
   (b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or

The Committee Notes explaining the amendments state:

> Present Rule 25(a) (1), together with present Rule 6(b), results in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within a fixed period measured from the time of death. The hardships and inequities of this unyielding requirement plainly appear from the cases. * * * The amended rule establishes a time limit for the motion to substitute based not upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death upon the record. * * * A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. *If a party or the representative of the deceased party desires to limit the time within which another may make the motion, he may do so by suggesting the death* upon the record. (Emphasis added.)

Under the amended Rule either a party or "the successors or representatives of the deceased party" may avoid delay in effecting substitution for the deceased party either by filing a motion for substitution or by suggesting death on the record and thus triggering the 90-day period which begins with suggestion of death.

The Advisory Committee, in outlining that suggestion of death could be made by "the representative of the deceased party" plainly contemplated that the suggestion emanating from the side of the deceased would identify a representative of the estate, such as an executor or administrator, who could be substituted for the deceased as a party, with the action continued in the name of the representative. The addition of "successor" in the Rule would take care of the case of, say, the distributee of an estate that had been distributed, but would not make a material difference in the aspect under consideration. Form 30, for suggestion of death, which was provided in order to expedite and facilitate implementation of the amendment, provides:

> A.B. [described as a party, *or as executor, administrator, or other representative or successor of C.D., the deceased party*] suggests upon the record, pursuant to Rule 25(a) (1), the death of C.D. [describe as party] during the pendency of this action. Added Jan. 21, 1963, eff. July 1, 1963. [Emphasis added.]

Although the attorney for the defendant was retained to "represent" the deceased as his counsel, he is not a person who could be made a party, and is not a "representative of the deceased party" in the sense contemplated by Rule 25(a) (1).

In our opinion the Rule, as amended, cannot fairly be construed, as the de-

(2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.
Rule 25. *SUBSTITUTION OF PARTIES*
(a) *Death.*
(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or repre-

sentatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.
Prior to the amendment, Rule 6(b) provided it could not be used to extend time under Rule 25.

fendant's attorney argues, to make his suggestion of death operative to trigger the 90-day period even though he was neither a successor nor representative of the deceased, and gave no indication of what person was available to be named in substitution as a representative of the deceased.[4] Counsel's construction would open the door to a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within 90 days.

We can conceive of cases wherein even the lawyer retained to represent a defendant might know the defendant had died, yet not readily know where his estate would be administered. In the present case, plaintiff's attorney did know the court of probate, but he did not know whether probate of the will might be contested, or who would be appointed representative of the estate. The tactic of the defendant's attorney would place on plaintiff the burden, where no conventional representative was appointed for the estate in probate court, of instituting machinery in order to produce some representative of the estate ad litem, pending appointment of the representative contemplated by law of the domicile of the deceased.

The amendment to Rule 25(a) (1) was intended to dispel unwarranted rigidity and allow more flexibility in substitution. "It was intended that liberal effect be given to the 1963 amendment." Roscoe v. Roscoe, 126 U.S.App.D.C. 317, 322, 379 F.2d 94, 99 (1967). "[T]he 90 day period was not intended to act as a bar to otherwise meritorious actions." Staggers v. Otto Gerdau Co., 359 F.2d 292, 296 (2d Cir. 1966).

No injustice results from the requirement that a suggestion of death identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25(a) (1) may be invoked by those who represent or inherit from the deceased. If the heirs or counsel fear that delay may prejudice the litigation they may move promptly for appointment of a representative, perhaps a temporary representative, either under the law of the domicile or by special order in the court wherein the litigation is pending.

The judgment is reversed and remanded to the District Court with directions that plaintiffs' action be reinstated.

So ordered.

---

4. Different considerations would be involved if the movant were a "party" instead of someone acting for a deceased defendant.