**MARIA O'MAHONEY DE SOSA, Plaintiff**

**v.**

**INGER O'MAHONEY, Defendant**

Civil No. 74-433

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 6, 1976

## CHRISTIAN, *Chief Judge*

### MEMORANDUM AND ORDER

The concern of the Court at this time is a motion to dismiss the defendant as a party pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

The action is one for declaration of a constructive trust, a permanent injunction and damages. The complaint was filed on July 25, 1974. On February 27, 1975, a suggestion of death of Inger O'Mahoney, the named defendant in this suit, was filed with this Court by Roger L. Campbell, Esquire, attorney for defendant, and served on plaintiff's counsel.[1] The attorney has moved to dismiss the cause against his client on the ground that no motion for substitution was made "within ninety days after the Suggestion of Death, and for that reason the Rule require (sic) that '. . . the action shall be dismissed as to the deceased party.'" The motion will be denied for the following reasons.

 This action for declaration of a constructive trust, for a permanent injunction, and damages is predominantly equitable in character. It involves property rights and, as such, would survive the death of a party, within the intendment of Rule 25(a)(1). See 7A Wright & Miller, Federal Practice & Procedure, Civil section 1954, p. 654, and cases cited therein.

Plaintiff cites this Court to the case of Rende v. Kay, 415 F.2d 983 (C.A. D.C. 1969) in support of her contention that this motion should be denied. The facts of Kay are

---

[1] Attorney Campbell's appearance in behalf of Defendant O'Mahoney was filed on August 28, 1974. No withdrawal by him appears in the file.

substantially "on all fours" with those involved in the case sub judice. The district court, however, there granted a motion by the deceased defendant's own attorney to dismiss the action for failure of the plaintiffs to move to substitute a proper party for the deceased within 90 days of the suggestion of death, which also had been filed by the deceased defendant's attorney. The Court of Appeals for the District of Columbia Circuit reversed, saying:

> Although the attorney for the defendant was retained to "represent" the deceased as his counsel, he is not a person who could be made a party, and is not a "representative" of the deceased party in the sense contemplated by Rule 25 (a) (1).
>
> In our opinion the Rule, as amended, cannot fairly be construed, as the defendant's attorney argues, to make his suggestion of death operative to trigger the 90-day period even though he was neither a successor nor representative of the deceased, and gave no indication of what person was available to be named in substitution as a representative of the deceased.

Id. at 985–986.

█ I find and conclude that, because the instant cause fits squarely into the factual framework of Kay, a like holding is here warranted. Since no representative was identified by the suggestion of death that document is inoperative to trigger the 90-day period. The plaintiff will be granted an additional period of 45 days to move for substitution of the deceased defendant. In prescribing such time limitations under Rule 6(b) of the Federal Rules of Civil Procedure, I am assuming that counsel for defendant will, in the interest of having this litigation proceed smoothly, furnish plaintiff with the identity of a representative for defendant Inger O'Mahoney as soon as possible. Failing that, plaintiff may repair to this Court for an appropriate order.

### ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion to dismiss the defendant as a party, be, and it is hereby DENIED;

FURTHER ORDERED that plaintiff be allowed a period of 45 days from the entry of this Order within which to move for the substitution of the deceased defendant.