NATIONAL EQUIPMENT RENTAL, LTD., Plaintiff,

v.

WHITECRAFT UNLIMITED, INC. d/b/a Ye Olde Car Wash, Whitecraft Enterprises, Inc., William Whitecraft, Nancy Whitecraft and Herbert Whitecraft, Defendants.

No. 75 C 84.

United States District Court,
E. D. New York.

July 12, 1977.

Gerald S. Jacobs, Lake Success, N. Y., for plaintiff; Jerome T. Dorfman, New York City, of counsel.

Arthur Liberstein, New York City, for Herbert R. Whitecraft.

### MEMORANDUM OF DECISION AND ORDER

MISHLER, Chief Judge.

Plaintiff moves, pursuant to Rule 25, F.R. Civ.P., for an order substituting "Joan L.

Whitecraft as executrix of the estate of Herbert Whitecraft" as party defendant and amending the judgment previously entered against the deceased. We must determine whether the motion is timely made in light of Rule 25's requirement that an order of substitution be sought within ninety (90) days after a suggestion of death is noted on the record.

The complaint in the instant action was served on January 20, 1975. However, issue was not promptly joined. Instead, settlement negotiations ensued which ultimately failed. No answers were filed after the impasse. Therefore, on December 18, 1975, a default judgment in the amount of $52,782.81 plus interest was entered.

Unbeknownst to plaintiff, defendant Herbert Whitecraft had died the previous month. Counsel first learned of his death on January 27, 1976, when executrix, Joan Whitecraft, served a notice to file claims against the estate. Plaintiff accordingly filed a proof of claim on February 5, 1976. An objection having been noted, the matter came on for hearing before the Probate Court for the County of Ingham, Michigan. The court refused to honor the claim absent an appropriate substitution of parties. The claim, therefore, was denied without prejudice to the filing of a Rule 25 motion. The instant application followed.

■ Rule 25(a)(1) F.R.Civ.P. provides in pertinent part that:

. . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death . . . [pursuant to Rule 5] . . . the action shall be dismissed as to the deceased party.

Counsel for the estate argues that service of the notice to file claims against the estate in January, 1976, was sufficient to satisfy the requirements of Rule 25 and started the 90 day statutory period running. This application coming almost 15 months later, counsel maintains, is time barred. We disagree.

Prior to 1963, the mandate of Rule 25, operating as a statute of limitations, required the court to dismiss an action if, within two years after the death of a party, the action was not revived and a substitution made, *Rende v. Kay*, 134 U.S.App.D.C. 403, 415 F.2d 983, 984 (1969); *Cheramie v. Oregon*, 434 F.2d 721, 724 (5th Cir. 1970); *see gen.* Wright & Miller, *Federal Practice and Procedure* § 1955 (1972). Enlargement of the limitations period was not permitted under Rule 6(b) F.R.Civ.P., even for excusable neglect. *Anderson v. Yungkau*, 329 U.S. 482, 485–86, 67 S.Ct. 428, 430, 91 L.Ed. 436 (1947). The rule, applied by courts with unyielding rigidity, often worked harsh results. *See e. g. Starnes v. Pennsylvania Railroad Co.*, 26 F.R.D. 625 (E.D.N.Y.) *aff'd.* 295 F.2d 704 (2nd Cir. 1961) *cert. denied* 369 U.S. 813, 82 S.Ct. 688, 7 L.Ed.2d 612 (1962); *Zdanok v. Glidden Co.*, 28 F.R.D. 346 (S.D. N.Y.1961). Therefore, in 1963, the provision was amended to dispel the unwarranted inflexibility and to allow courts more discretion in substitution. *Rende v. Kay, supra* at 986; *see also Roscoe v. Roscoe*, 126 U.S.App.D.C. 317, 379 F.2d 94 (1967); *Staggers v. Otto Gerdau Co.*, 359 F.2d 292 (2nd Cir. 1966).

■ Under the present scheme, the time for filing a motion for substitution does not commence running until death is suggested on the record. The 90 day period is triggered only by service of a written statement of the fact of death in accordance with the provisions of Rule 5 F.R. Civ.P., *Dolgow v. Anderson*, 45 F.R.D. 470, 471 (E.D.N.Y.1968). The burden under the amended procedure is, therefore, shifted to the representative of the deceased party. If he desires to delimit the period during which substitution may be effected, the successor must affirmatively act in a formalistic manner.

The notice served upon plaintiff herein recited the following:

TAKE NOTICE: that all creditors of HERBERT R. WHITECRAFT are required to file their claims with the Probate Court for the County of Ingham on or before March 3, 1976. A copy of said claim must be served on JOAN L.

WHITECRAFT, Executrix, at 3516 Stabler Street, Lansing, Michigan 48910. Dated: December 18, 1975 . . .

While it sufficiently identified the estate's legal representative, see *Rende v. Kay, supra*; *c. f. Yonofsky v. Wernick*, 362 F.Supp. 1005 (S.D.N.Y.1973), the notice was only served on the plaintiff. Rule 25 and, in turn, Rule 5, F.R.Civ.P. require that the suggestion of death be served on all parties to the action and thereafter, be filed with the clerk of the court; the controlling provision demands that the suggestion be ". . . upon the record" *Dolgow v. Anderson, supra* at 471.

■■ The very purpose behind the recording requirement is to avoid the harsh results often worked by the original rule. Formerly, a litigant's innocent failure to learn of a party's death resulted in dismissal. The courts were powerless to enlarge the time for substitution even in the absence of bad faith. *See e. g. Anderson v. Yungkau, supra, Starnes v. Pennsylvania Railroad Co., supra.* The committee, in amending the original rule, sought to adjust the equities of the situation. The executor, usually one of the first to learn of the party's demise, can most easily adopt the burden of communication. With similar ease, he can note the fact of death on the record and end any confusion. The burden of providing formal notice is slight. Yet it ensures that the information reaches all parties. Therefore, ". . . insistance on the observance of procedural ritual is justified." *Dolgow v. Anderson, supra* at 471.

The strict adherence to formality which this court demands is consistent with the stance taken by others faced with questions concerning the procedures underlying a Rule 25 substitution. The D. C. Circuit has held that service of a suggestion by anyone other than a party or successor of the deceased is ineffective to trigger the 90 day limitation period. *Rende v. Kay, supra.* Similarly, anything short of a written statement of death has been rejected as insufficient. *Dolgow v. Anderson, supra; see also Boggs v. Dravo Corp.*, 532 F.2d 897 (3rd Cir. 1976); *Graham v. Pennsylvania Railroad*

*Co.*, 119 U.S.App.D.C. 335, 342 F.2d 914 (1964) *cert. denied* 381 U.S. 904, 85 S.Ct. 1446, 14 L.Ed.2d 286 (1965).

■ Technical deficiencies aside, this court in its discretion may nevertheless extend the 90 day period and grant an otherwise untimely motion to substitute a party defendant. A concurrent amendment to Rule 6(b), F.R.Civ.P. in 1963 permits the court to enlarge the time for moving where good cause is shown. Absent bad faith on the part of the movant or undue prejudice to the other parties to suit, discretionary extensions should be liberally granted. *Staggers v. Otto Gerdau Co., supra* at 296; *see also Roscoe v. Roscoe, supra; Vandervelde v. Put & Call Brokers & Dealers Association*, 43 F.R.D. 14 (S.D.N.Y.1967).

■ Herein plaintiff acted in nothing less than good faith when it sought to enforce the existing judgment in the Michigan Probate Court. National assumed, whether rightly or not, that full faith and credit would be extended. The Probate Court sat more than a year before passing on the claim. Had it immediately, upon filing, rejected it because of the lack of substitution, plaintiff could have promptly moved in this court, pursuant to Rule 25, and the application might well have been submitted within 90 days of the purported service. Moreover, counsel makes no showing as to how the estate would be prejudiced by the substitution. The executrix may still litigate the merits of the claim before the Probate Court. Plaintiff, on the other hand, would be deprived of all opportunity to test the validity of its judgment absent substitution.

Accordingly, plaintiff's motion for substitution is granted. The clerk of the court is directed to amend the judgment previously entered in this case to reflect the substitution of "JOAN L. WHITECRAFT as executrix for the estate of HERBERT WHITE-CRAFT" as party defendant in place of the decedent HERBERT WHITECRAFT, and it is

SO ORDERED.