**Edna M. KILGO, Individually and on behalf of all others similarly situated, Virginia M. Wentz, Plaintiffs,**

v.

**BOWMAN TRANSPORTATION, INC., Defendant.**

**Civ. A. No. C79–674A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

March 28, 1980.

Christopher Coates, Laughlin McDonald, Neil Bradley, Atlanta, Ga., Isabel Katz Pinzler, Joan E. Bertin, American Civil Liberties Union, New York City, for plaintiffs.

Mitchell, Clarke, Pate & Anderson, William M. Pate, Douglas R. Sullenberger, Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

Several issues involved in this case are before the Court at this time. This is an employment discrimination action brought by Edna Kilgo on April 23, 1979. Virginia Wentz was added as a plaintiff on August 22, 1979.

### 1. *Substitution of Oscar Kilgo*

The death of Edna Kilgo was suggested upon the record in this case on November 9, 1979, and plaintiffs have moved for substitution of Oscar Kilgo, in his capacity as representative of the estate of Edna Kilgo, pursuant to Fed.R.Civ.P. 25(a)(1). Defendant contends that Oscar Kilgo is not a proper party to be substituted for Edna Kilgo because he has not been qualified as the executor of Edna Kilgo's will and will not be so qualified because he has elected to take property previously owned by Edna Kilgo as a year's support in lieu of probating the will. Oscar Kilgo is named by Edna Kilgo's will as the executor of her estate, however. To deny him the right to be substituted for her in this action on the grounds asserted by defendant would be an unduly harsh result. Fed.R.Civ.P. 25(a)(1) is intended to allow some flexibility in substitution of parties. *Rende v. Kay*, 415 F.2d 983 (D.C.Cir. 1969). The *Rende* case, in fact, provides support for allowing substitution of Oscar Kilgo:

> The addition of "successor" in the Rule would take care of the case of, say, the distributee of an estate that had been distributed . . .

415 F.2d at 985. Defendant has cited no authority for its position. Oscar Kilgo is found to be a proper party to be substituted for Edna Kilgo.

### 2. *Amendment to complaint*

Plaintiffs seek leave to amend the complaint in this action to allege arbitrary and capricious enforcement of defendant's one-year prior experience requirement. Defendant has not objected to that amendment except to point out that if its motion

for dismissal or summary judgment is granted there will be nothing to amend. The amendment is found to be proper under Fed.R.Civ.P. 15(a) and it is allowed.

### 3. *Survival of Title VII claim*

■ State law governs the question of survival of Edna Kilgo's claim under 42 U.S.C. § 2000e, *et seq.* To the extent that any of the civil rights statutes, 42 U.S.C. §§ 1981 through 2000h–6, fails to cover an issue which arises in a civil rights case,

> the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such . . . cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause . . .

42 U.S.C. § 1988. Title VII, 42 U.S.C. § 2000e, *et seq.*, does not provide whether an action brought pursuant to it survives the death of the plaintiff. Accordingly, Georgia law, to the extent it is not inconsistent with federal law, determines the question of survival. *Robertson v. Wegmann,* 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978). Under Georgia law this action would survive. Ga.Code Ann. §§ 3-501 and 3–505. Such a result is consistent with the remedial purposes of Title VII.

Defendant contends that *Robertson v. Wegmann, supra,* supports the position that a civil rights action does not survive the plaintiff's death, citing the following:

> It is therefore difficult to see how any of § 1983's policies would be undermined if Shaw's action were to abate. The goal of compensating those injured by a deprivation of rights provides no basis for requiring compensation of one who is merely suing as the executor of the deceased's estate.

436 U.S. at 592, 98 S.Ct. at 1996, 56 L.Ed. 2d at 562. The situation presented in that case was an exception to the usual result under Louisiana law, and the context of the statement relied on by defendant is an analysis of whether the law was inconsistent with the policy of § 1983 because the action before the Court would not survive. The Supreme Court found that because a civil rights action would almost always survive under Louisiana law the law was not inconsistent with § 1983 and would control the question of survival of a § 1983 action. Edna Kilgo's action brought pursuant to 42 U.S.C. § 2000e, *et seq.*, is found to survive her death.

### 4. *The claim of Virginia Wentz*

Defendant argues that because there is no allegation in the complaint that Virginia Wentz has received a right-to-sue letter, there is a jurisdictional defect as to her claim. Plaintiffs have stated that Virginia Wentz has now received a right-to-sue letter. Plaintiffs are ordered to amend their complaint to add an allegation to that effect.

### 5. *The class action*

Plaintiffs seek an order directing that this action proceed as a class on behalf of:

> All females who, since April 18, 1976, have, would have, but for the futility of doing so, or will in the future seek permanent employment as an over-the-road truck driver with Defendant by applying through its Atlanta, Georgia terminal and who have been, would have been, or will be refused such permanent employment due:
>
> (1) To Defendant's one year prior experience requirement;
>
> (2) To Defendant's discriminatory enforcement of its one year prior experience requirement; and
>
> (3) To Defendant's policy against assigning men and women to the same truck.

Defendant has challenged the adequacy of any representative of the class, the scope of the proposed class and the numerosity of the proposed class.

### a. Representation of the class

■ Oscar Kilgo is not an adequate representative of the proposed class because, although he has an interest in claims for

back pay, he does not have the same interest in declaratory and injunctive relief as other members of the proposed class. *See Ashworth v. Sherwin-Williams Company*, 10 FEP Cases 709 (N.D.Ga.1974). Virginia Wentz, however, appears to have an identity of interest with the proposed class. Defendant objects to her representation of the class on the ground that she has not received a right-to-sue notice, but it appears that she has received such a notice. Plaintiffs have been ordered to amend the complaint accordingly.

b. Scope of the class

■ April 18, 1976 was chosen as the cut-off date for the class because it was 180 days prior to the date on which Edna Kilgo filed a charge with the EEOC. Defendant contends that if Virginia Wentz is found to be an adequate representative of the class, the cut-off date for the class must be December 9, 1978, 180 days prior to the date on which Virginia Wentz filed her charge with the EEOC.

Strict adherence to the rule that class membership in a Title VII suit should be limited to persons who could have filed timely EEOC complaints at or since the time the class representative filed such a charge would make December 9, 1978 the cut-off date for a class of which Virginia Wentz is the representative. The Fifth Circuit, however, has suggested that the 180 day rule is a sort of statute of limitations which should be subject to liberal tolling requirements. *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975). At least one case in this district has relied on the *Reeb* case to propose a case by case approach to the question of the cut-off date for a class. *Sinyard v. Foote & Davies*, 13 FEP Cases 1257 (N.D.Ga.1975). The facts of this case warrant a finding that April 18, 1976 is the proper cut-off date for the class.

Members of the proposed class who were denied employment between April 18, 1976 and December 9, 1978 cannot now represent themselves in a Title VII action because the 180 day period for filing claims with the EEOC has run as to them. Such individuals could have been aware of Edna Kilgo's EEOC charge and the possibility that she would represent them in a class action. Defendant received adequate notice of a challenge to its employment practices as early as April 18, 1976 when Edna Kilgo filed her EEOC charge on October 15, 1976. To hold that December 9, 1978 is the proper cut-off date for the class under these circumstances would deny a possibility of relief to any individual discriminatorily refused employment between April 18, 1976 and December 9, 1978, and to hold otherwise would not prejudice defendant. Accordingly, the cut-off date for the proposed class is April 18, 1976.

c. Numerosity

■ The final requirement for class certification which is challenged by defendant is the requirement that the class be so numerous that joinder of all members is impracticable. Fed.R.Civ.P. 23(a)(1). Plaintiffs have identified twenty-three women who filed a formal application for employment with defendant on or after the cut-off date but who were not offered employment and two women hired as over-the-road truck drivers but discharged or forced to resign during a probationary period on or after the cut-off date. Plaintiffs have also alleged that there is an unknown number of deterred potential applicants and future applicants eligible for the relief sought in the complaint. These allegations show sufficient numerosity for a finding that Fed.R.Civ.P. 23(a)(1) is satisfied. *See Jack v. American Linen Supply Company*, 498 F.2d 122 (5th Cir. 1974).

■ Defendant has attempted to show that certain members of the proposed class were denied employment for reasons other than the challenged employment practices, and plaintiffs suggest that, in light of *Jones v. Diamond*, 519 F.2d 1090 (5th Cir. 1975), the Court either tentatively certify the proposed class or defer ruling on the motion for class certification until after an evidentiary hearing at which questions of fact raised by defendant could be determined.

**30**

The Court will conditionally certify the class as proposed by plaintiffs. Fed.R. Civ.P. 23(c)(1).

### CONCLUSION

In summary, plaintiffs' motion for leave to amend the complaint is GRANTED; plaintiffs' motion for substitution of party is GRANTED; defendant's motion for dismissal or summary judgment is DENIED; and plaintiffs' motion for class certification is GRANTED to the extent of a CONDITIONAL CERTIFICATION of the class proposed. Two motions for extensions of time are DISMISSED as MOOT, and plaintiffs are ORDERED TO AMEND the complaint to allege that Virginia Wentz has received a right-to-sue letter.