In re Robert B. BELL and
Gail V. Bell.

Robert PAULI, et al.

v.

Robert B. BELL, et al.

Bankruptcy No. 284–00330–A–7.
Adv. No. 284–0221.
Motion No. RPS–1.

United States Bankruptcy Court,
E.D. California.

Oct. 24, 1988.

Robert P. Sprague, Loube, Lowen, Klein & Lando, Oakland, Cal., for Moving Party.

James D. Boughey, Peter Q. Noack, Dorr, Cooper & Hays, San Francisco, Cal., for Gail V. Bell.

E. Bradley Nelson, Power, Hagler & Nelson, Vacaville, Cal., for Robert Pauli, et al.

## ORDER GRANTING MOTION

LOREN S. DAHL, Chief Judge.

The above-entitled motion having been submitted for decision, and after consideration thereof, it is

ORDERED that the aforesaid motion be and the same is hereby granted.

Fed.R.Civ.P. 25(a)(1), which applies to adversary proceedings in bankruptcy by Bankr.R. 7025, provides,

> [i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5.... Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein ... the action shall be dismissed as to the deceased party.

If a motion for substitution is not made within the 90 days, the action may be dismissed. *Weil v. Investment/Indicators, Research & Management,* 647 F.2d 18, 21 (9th Cir.1981).

In *AcrI v. Intl. Assn. of Machinists & Aerospace Workers,* 595 F.Supp. 326 (N.D. Cal.1983), *aff'd,* 781 F.2d 1393, *cert. denied,* 479 U.S. 816, 107 S.Ct. 73, 93 L.Ed.2d 29 (1986), the court held that the incidental mention of the death of three of the plaintiffs in answers to interrogatories was insufficient to start the 90 day period in which to substitute. 595 F.Supp. at 329–30. In *AcrI* the statement which contained the suggestion of the death of the plaintiffs had not been served as required by Rule 25. 595 F.Supp. at 330. The court looked to Federal Form 30 as an example of the proper suggestion of death. *Id.*

The court has reviewed carefully all of the pleadings filed in the present adversary proceeding and finds that the death of defendant Robert Bell has been suggested on the record repeatedly and served as required by Rule 25. For instance, paragraph 3(b) of the affidavit of E. Bradley Nelson, Esq. filed on October 21, 1987 and served on October 20, 1987 indicates that the plaintiff was aware that the defendant had died in early 1986. In addition, the memorandum of defendant Gail Bell in support of dismissal of the adversary proceeding for failure to prosecute filed on October 23, 1987 and served on October 22, 1987 contains references to Robert Bell's death at pages 3 and 6. Page 13 of the plaintiff's pretrial statement filed and served on June 2, 1988 again indicates that plaintiff was aware of the defendant's death. Finally, defendant Gail Bell's pretrial conference statement filed and served on June 2, 1988 at page 10 contains yet another statement of Robert Bell's death.

Based upon the repeated suggestions of the death of Robert Bell on the record and the plaintiff's failure to timely substitute a proper party, the present motion to dismiss must be granted. Although the suggestions of death do not match verbatim Federal Form 30, the repeated suggestions throughout the record should have notified the plaintiff that proper action must be taken. The court surely would be putting form over substance if it were to find that the repeated suggestions of death are insufficient to trigger the 90 day period merely because they do not rise to the formality of Form 30.

The plaintiff's argument that this court may grant a late substitution under Bankr. R. 9006 is inapposite because no showing of excusable neglect has been made in this case.

The court also grants that part of the motion for leave to withdraw as counsel of record for Robert Bell.

IT IS SO ORDERED.