In re Arthur J. **CARDOZA** and Natalie H. Cardoza, Debtors.

David G. **TREMBLEY**, Plaintiff,

v.

**FIRST SECURITY MORTGAGE**, et al., Defendants.

**WESTERN SURETY COMPANY**, Cross–Complainant,

v.

Walter L. **CARPENTER**, Cross–Defendant.

Adv. No. 89–90010–B7.

Related Bankruptcy No. 88–03473–B7.

United States Bankruptcy Court, S.D. California.

Feb. 12, 1990.

Robert L. Rentto, San Diego, Cal., for plaintiff.

Franklin Geerdes, Chula Vista, Cal., for defendants.

## ORDER ON MOTION FOR RECONSIDERATION

PETER W. BOWIE, Bankruptcy Judge.

On January 6, 1989 Plaintiff Trembley filed an adversary complaint styled "Complaint to Determine Validity, Priority and Extent of Liens and Other Interests in Property, for Damages and to Determine Dischargeability of Debt, and Demand for Jury Trial." Named as defendants were the debtors and many others.

The essence of the complaint is that Trembley asserts he was part owner of a piece of property with the debtors. Trembley alleges that the debtors and others forged his name to a quit claim deed transferring his interest in the property to the debtors. Among the other defendants is Walter L. Carpenter who is alleged to have acknowledged the forged signature on the

quit claim deed in his capacity as a notary public.

The Third Claim in the complaint is asserted directly against Mr. Carpenter for his alleged actions as the notary on the quit claim deed. In addition, Trembley sues Does 46 through 50, who are alleged to be "insurance corporations who had executed their official bonds as surety for Mr. Carpenter...."

On February 3, 1989 Trembley filed an amendment to the complaint naming Western Surety Company as Doe 46. On February 6, 1989 Anthony Erbacher, as attorney for Walter Carpenter, filed Carpenter's verified answer to the complaint. On February 28, 1989 Franklin Geerdes, as attorney for Western Surety Company, filed Western Surety's answer. In addition, on March 1, 1989 Western Surety filed a cross-complaint against Walter Carpenter for reimbursement under California law if Western Surety is held liable on its bond.

On April 4, 1989 Attorney Geerdes, on behalf of his client, Western Surety, filed and served on all parties a document styled "Suggestion of Death upon the Record Under Rule 25(a)(1)." The document asserts that Western Surety is a party to the proceeding, and gives notice that Walter Carpenter died March 12, 1989. A copy of the registered death certificate was attached as an exhibit. The death certificate, in pertinent part, sets out the name, relationship and address of the "informant" as "ROB MOTTA; EXECUTRIX 1520 TYLER AVENUE #3 SAN DIEGO, CA 92103".

Subsequently, Mr. Erbacher filed an Amended Answer for Mr. Carpenter, reflecting that Mr. Carpenter was deceased, and conforming the answer to District Court Local Rule 110–7, as this Court had required.

On August 14, 1989 Mr. Geerdes filed a motion on behalf of Western Surety to dismiss Trembley's Third Claim on the ground that more than 90 days had elapsed from the filing and service of the suggestion of death without any motion for substitution having been made. Western Surety invoked the provisions of Rule 25(a), Fed.R. Civ.P., which is made applicable to bankruptcy proceedings by Bankruptcy Rule 7025. The motion was noticed for hearing for September 15, 1989.

On September 8, 1989 Trembley caused to be filed a document styled "Ex-parte Petition for Leave to Proceed Against Walter L. Carpenter in the Name of the Estate of Walter L. Carpenter on an Insured Claim Pursuant to Probate Code Section 709.1 and Section 721." On September 15, 1989 the hearing on Western Surety's motion was held and the motion was granted. On September 18, 1989 this Court denied Trembley's ex parte motion.

Substantial time elapsed while the order dismissing the third claim was being drafted and circulated among counsel for approval. Ultimately, an order was filed and entered on October 24, 1989. On November 3, 1989 Trembley timely noticed for hearing on December 18 his motion for reconsideration of the order granting the motion to dismiss. The essential premise of the motion for reconsideration was that Trembley believed that the Court had not fully considered his arguments in opposition to the motion because his opposition had been returned to his counsel by the Clerk's Office because the pleading did not conform to the rules of this district.

The motion for reconsideration was heard on December 18, 1989 and was taken under submission. This Court has jurisdiction of this matter under 28 U.S.C. § 1334 and General Order 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (O).

■ The essence of Trembley's position is that the decision of the United States Court of Appeals for the District of Columbia Circuit in *Rende v. Kay,* 415 F.2d 983 (1969) "remains controlling on the construction and interpretation of F.R.Civ.P. 25(a)(1). Mr. Geerdes' suggestion did not trigger the 90–day time period." In the alternative Trembley asks for an enlargement of time under Rule 6, F.R.Civ.P. in which to seek a substitution for Mr. Carpenter.

In this Court's view, reliance on *Rende v. Kay* is misplaced. In *Rende,* suit was filed by plaintiffs Rende against defendant Kay for personal injuries, including those of a minor. Thereafter, Kay died. The attorney Kay had hired to defend the action filed a suggestion of death and gave notice to the plaintiff's attorney. Seven or eight months later, the attorney hired by Kay "moved in his own name to dismiss the action ..." for failure of plaintiffs to substitute for the decedent. 415 F.2d at 984. The D.C. Circuit quoted the Committee Notes on the 1963 revision to Rule 25. They emphasized one part in particular:

> If a party or the representative of the deceased party desires to limit the time within which another may make the motion [to substitute], *he may do so by suggesting the death* upon the record.

415 F.2d at 985. The court thereafter stated:

> Although the attorney for the defendant was retained to "represent" the deceased as his counsel, he is not a person who could be made a party, and is not a "representative of the deceased party" in the sense contemplated by Rule 25(a)(1).

*Id.* Because Kay's attorney was neither a party nor a representative of the deceased party, he was not one of the persons permitted by Rule 25 to make a suggestion of death on the record which was sufficient to trigger the 90 day period for bringing a motion to substitute.

On its facts, *Rende v. Kay* does not apply to the case at bar. In the instant case, the suggestion of death was not filed by Mr. Erbacher, counsel hired by Mr. Carpenter before his death. Instead, the suggestion was filed by Western Surety, a party, through its counsel Mr. Geerdes. As a party, Western Surety is clearly authorized to make the suggestion of death under Rule 25, as even the D.C. Circuit recognized in *Rende v. Kay. Al–Jundi v. Rockefeller,* 88 F.R.D. 244, 246 (W.D.N.Y. 1980); *National Equipment Rental v. Whitecraft Unlimited,* 75 F.R.D. 507, 510 (E.D.N.Y.1977); *In re Klein,* 36 B.R. 390, 392–393 (Bankr.E.D.N.Y.1984).

■ Trembley also argues that Western Surety's suggestion of death was deficient because it did not include the name and address of the representative of the estate who could be substituted for the decedent. It is true that the court in *Rende v. Kay* stated:

> The Advisory Committee, in outlining that suggestion of death could be made by "the representative of the deceased party" plainly contemplated that *the suggestion emanating from the side of the deceased* would identify a representative of the estate, such as an executor or administrator, who could be substituted for the deceased as a party.... (Emphasis added.)

415 F.2d at 985. The same court concluded:

> No injustice results from the requirement that a suggestion of death identify the representative or successor of an estate who may be substituted as a party for the deceased *before Rule 25(a)(1) may be invoked by those who represent or inherit from the deceased.* (Emphasis added.)

415 F.2d at 986. To the extent *Rende* is asserted for the proposition that a suggestion of death must include the identity of the representative of the estate, that ruling only applies when the suggestion of death is filed by the representative or successor of the estate. No such rule binds other parties who may file and serve the suggestion of death, such as Western Surety. *Yonofsky v. Wernick,* 362 F.Supp. 1005, 1012 (S.D.N.Y.1973). The Court notes, in passing, that the copy of the death certificate served with the suggestion of death contained the name and address of a person identified on that document as executrix.

For the foregoing reasons, this Court concludes that Western Surety is a party competent to file and serve a suggestion of death sufficient to trigger the 90 day period specified in Rule 25, and that Western Surety did so on or about April 4, 1989.

■ The Court's consideration is not completed, however, because Trembley asks that the time to move for substitution be enlarged pursuant to Rule 6(b), Fed.R.

Civ.P., which is applicable in this proceeding by Bankruptcy Rule 9006(b). By the terms of Bankruptcy Rule 9006(b), and because the request to enlarge is made outside the 90 days set forth in Rule 25, the movant must show that "the failure to act was the result of excusable neglect." Bankruptcy Rule 9006(b)(1); *Yonofsky v. Wernick,* 362 F.Supp. 1005, 1012 (S.D.N.Y. 1973).

Counsel for Trembley states that the reason no action was taken on the April 4, 1989 suggestion of death was that the pleading "was delivered to the undersigned's co-counsel, and our allocation of the work load is that the undersigned will be responsible for the procedural matters and Mr. Andreos for the trial matters, so the undersigned was not aware of the pleading until now." Memorandum of Points and Authorities in Opposition to Motion to Dismiss and Motion Alternatively for Extension of Time to Move for Substitution of Parties. The "undersigned" is attorney Robert Rentto.

The face of the complaint indicates it was filed by Robert L. Rentto Professional Law Corporation and George P. Andreos, A.P. L.C. as attorneys for David G. Trembley. Rentto and Andreos share the same street address and the same suite number, but each are shown with different telephone numbers. A similar heading was on the amendment naming Western Surety as Doe 46. The suggestion of death was served listing the names of both attorneys serially, followed by the single address that served them both. Apparently, Mr. Rentto is asserting through his memorandum that Mr. Andreos did not show him the suggestion of death filed and served by Western Surety.

Western Surety made part of the record in support of its motion to dismiss a copy of a letter from Western Surety's counsel, Mr. Geerdes, to Mr. Rentto. The letter is dated March 16, 1989, four days after Mr. Carpenter's death, and nineteen days before the suggestion of death was filed and served. The entire three page letter concerns the effect of Mr. Carpenter's death, which is announced in the opening paragraph. At the bottom of the second page, Mr. Geerdes inquired:

> On the practical side, who will open a probate estate so that your Plaintiff's cause of action might survive, if it does, as against the personal representative of the estate of the decedent?

On page three of the letter, Mr. Geerdes advised Mr. Rentto he was not going to take any discovery at present because "such discovery would be unnecessary/inappropriate unless the Plaintiff undertakes to revive his now dead claim through service upon a personal representative of the decedent's estate." Mr. Rentto may not have known of the filing and service of the Rule 25 suggestion of death, although there is no declaration in the record to that effect. Nevertheless, Mr. Rentto clearly knew from the March 16 letter of the death of Mr. Carpenter and Western Surety's position that either Trembley or the estate had to bring in a representative in order for the claim to survive. See e.g., *In re Bell,* 92 B.R. 911 (Bankr.E.D.Cal.1988). Yet nothing happened until after Western Surety filed its motion to dismiss, over four months after filing and service of the suggestion of death, and more than five months after Western Surety's letter to Mr. Rentto. While measuring excusable neglect involves a liberal standard and enlargements of time are favored, this Court cannot conclude on the record before it that the failure of Mr. Rentto or Mr. Andreos to timely move to substitute a representative of Mr. Carpenter's estate was the result of excusable neglect, particularly inasmuch as Western Surety's liability on its bond is derived from the liability of Mr. Carpenter, now deceased. *Breckenridge v. Mason,* 256 Cal.App.2d 121, 130, 64 Cal.Rptr. 201 (Second Dist.1967).

■ One last issue remains. Trembley asserts that he should be permitted to proceed directly against Western Surety to the limits of its policy pursuant to California Probate Code sections 709, 709.1 and 721. Probate Code section 709 provides in pertinent part:

If an action is pending against the decedent at the time of his or her death, the plaintiff shall in like manner file his or her claim as required in other cases. No recovery shall be allowed against decedent's estate in the action unless proof is made of the filing. If, however, the action which is pending is an action for damages, the decedent was insured therefor, *the insurer has accepted the defense of the cause, and an appearance has been made in such action on behalf of the decedent,* no claim shall be required except for amounts in excess of or not covered by the insurance. (Emphasis added.)

Section 709.1 provides:

Notwithstanding any other provision of law, the court in which an action described in Section 709 is pending may permit the action to be continued against the defendant in the name of "Estate of (name of decedent), Deceased," upon petition of the plaintiff, pursuant to the same procedure, and upon the same terms and conditions, as are provided in Section 721 for claims which were not the subject of a pending action at decedent's death. The procedure of this section is cumulative and does not supersede the procedure provided in subdivision (b) of Section 385 of the Code of Civil Procedure.

As already noted, Trembley did file with this Court on September 8, 1989 a pleading styled "Ex–Parte Petition for Leave to Proceed Against Walter L. Carpenter in the Name of the Estate of Walter L. Carpenter on an Insured Claim Pursuant to Probate Code Section 709.1 and Section 721." However, as this Court reads Probate Code sections 709 and 709.1, in order for an action to continue under 709.1 by invoking the procedure of section 721, the action must meet the requirements of section 709. That is, the action must be one "for damages, the decedent was insured therefor, the insurer has accepted the defense of the cause, and an appearance has been made in such action on behalf of the decedent...." While Trembley's suit against Carpenter seeks damages and Carpenter was allegedly insured therefor, there is no showing

Western Surety accepted the defense of the cause or arranged for counsel to represent Carpenter and make an appearance for him. Indeed, the contrary is the case, for Western Surety filed its own cross-complaint against Carpenter before he died. Because Trembley's action against Carpenter does not fall within Probate Code section 709, section 709.1 does not save it.

For all the foregoing reasons, plaintiff's motion for reconsideration is denied. Counsel for Western Surety shall prepare, serve and lodge a proposed judgment of dismissal in accordance with Bankruptcy Rule 7054(b) within fifteen (15) days after the date of entry of this order.

IT IS SO ORDERED.