# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

MARGARET MARIE BARNES,                )
                                        )
    Plaintiff/Appellant,                )  Shelby Circuit No. 83304 T.D.
                                        )
VS.                                     )  Appeal No. 02A01-9801-CV-00011
                                        )
BRIGHT GLADE CONVALESCENT               )
HOME, LOUIS MONTESI and                 )
DEBORAH HENDERSON,                      )
ADMINISTRATOR AD LITEM OF               )
THE ESTATE OF LOUIS MONTESI,            )
DECEASED,                               )
                                        )
    Defendants/Appellees.    )

FILED

October 28, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE
THE HONORABLE KAY S. ROBILIO, JUDGE

**RONALD C. WILSON**
Memphis, Tennessee
Attorney for Appellant


**ROBERT A. WAMPLER**
**WAMPLER & PIERCE, P.C.**
Memphis, Tennessee
Attorney for Appellees

**DISMISSED**


                               **ALAN E. HIGHERS, J.**


**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

Margaret Barnes (Plaintiff) appeals the trial court's order of dismissal, dismissing her complaint as to Defendant Louis Montesi (Montesi). Based upon the record before this Court, we dismiss the subject appeal because Plaintiff has appealed from an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties and because the trial court did not direct the entry of a final judgment upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Plaintiff commenced this personal injury lawsuit against both Bright Glade Convalescent Home and Montesi on November 22, 1996. Thereafter, both named defendants filed their respective answers to Plaintiff's complaint. On March 7, 1997, Montesi's attorney of record filed and served a suggestion of death, suggesting upon the record the fact of Montesi's death, which occurred February 28, 1997.[1] On June 6, 1997, Plaintiff filed a motion seeking to substitute "the administrator of the Estate of Louis Montesi as a Defendant in this action." Plaintiff's motion was later served on Bright Glade's and Montesi's attorneys of record on June 23, 1997. On June 16, 1997, the attorney of record for Montesi filed and served a motion to dismiss. On August 4, 1997, the trial court entered an order granting the "motion of the defendant, Louis Montesi, to dismiss the complaint filed herein against him." The court's order explained that Plaintiff filed her motion to substitute "in a timely manner, but did not sign and date the Certificate of Service." The court's order further explained that Plaintiff's service did not conform with the service requirements of Rule 25.01 of the Tennessee Rules of Civil Procedure. Thereafter, on September 2, 1997, Plaintiff filed a subsequent motion entitled "Motion to Amend and/or Vacate Order of Dismissal as to Defendant, Louis Montesi." Though this motion was initially denied by the trial court by order dated October 15, 1997, the matter was again heard by the trial court on November 7, 1997, and the trial court entered an order setting aside both the October 15, 1997 order and the August 4, 1997 order. In this order, which was entered on November 21, 1997, the trial court provided, "the plaintiff . . . is hereby granted thirty (30) days from November 7, 1997 to substitute a party defendant for the defendant,

---

[1]Interestingly, we are unaware of any authority whereby a decedent's attorney of record can file a suggestion of death pursuant to Rule 25.01 of the Tennessee Rules of Civil Procedure. While it appears to us that Tennessee cases have not addressed this issue, we simply note that federal courts construing the similar federal Rule 25 have held that a decedent's attorney of record cannot file a suggestion of death on the decedent's behalf so as to trigger the commencement of Rule 25's 90 day period. See Farris v. Lynchburg Foundry, 769 F.2d 958 (4th Cir. 1985); Rende v. Kay, 415 F.2d 983, 985-96 (D.C. Cir. 1969); Hilsabeck v. Lane Company, Inc., 168 F.R.D. 313, 314-15 (D.Kan. 1996); Kessler v. Southeast Permanente Medical Group, 165 F.R.D. 54, 56 (E.D.N.C. 1995); Al-Jundi v. Estate of Rockefeller, 757 F. Supp. 206, 210 (W.D.N.Y. 1990); Al-Jundi v. Rockefeller, 88 F.R.D. 244, 246 (W.D.N.Y. 1980). See also 7C Charles A. Wright et al., Federal Practice and Procedure § 1955 at 545 (1986). Because we have determined that we must dismiss the subject appeal, however, we reserve resolution of this issue until it is properly raised on appeal.

2

Louis Montesi." On December 5, 1997, Plaintiff filed a motion to amend her Complaint, seeking "leave to name Deborah Henderson, Administrator Ad Litem of the estate of Louis Montesi, deceased, as substitute Defendant for said decedent." On December 11, 1997, the trial court found that Plaintiff "failed to substitute a party defendant for the defendant Louis Montesi, in conformity with the Order . . . entered November 21, 1997." Therefore, the trial court dismissed Plaintiff's Complaint as against Montesi. On January 9, 1998, Plaintiff filed a Notice of Appeal, seeking to appeal the December 11, 1997 order.

Additionally, Bright Glade filed a motion for summary judgment on November 7, 1997. Tihs motion is still pending in the trial court.

On appeal, Plaintiff states the following issues:

> 1. Whether it was error for the lower court to [enter the] order of dismissal without notice to Plaintiff and [an] opportunity to be heard?

> 2. Whether it was error for the lower court to dismiss [the] Complaint as to Louis Montesi pursuant to Rule 25 of the Tennessee Rules of Civil Procedure?

We pretermit these issues, however, because Plaintiff has appealed from an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. Tenn. R. App. P. 3(a). Further, the trial court did not direct the entry of a final judgment upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Tenn. R. Civ. P. 54.02. Therefore, the order appealed from is not appealable as of right and is subject to revision before the entry of a final judgment. Tenn. R. App. P. 3(a).

Accordingly, we hereby dismiss the subject appeal. Costs of this appeal are taxed to Plaintiff, for which execution may issue if necessary.

_____
HIGHERS, J.


CONCUR:

_____

3

FARMER, J.

_____

LILLARD, J.