Richard C. RAY, Plaintiff,

v.

Harold F. KOESTER, Defendant.

No. CIV.A.W–01–CA–347.

United States District Court,
W.D. Texas,
Waco Division.

March 31, 2003.

Richard C. Ray, Moffett, OK, Pro se.

Donald K. Dorsett, Fulbright, Winniford, et al., Waco, TX, for Harold F. Koester aka Harold F. Keester.

### *MEMORANDUM OPINION AND ORDER*

MANSKE, United States Magistrate Judge.

I.

On December 5, 2001, one day before expiration of the two year statute of limitations, Plaintiff filed a *pro se* complaint against Defendant alleging negligence from facts arising from an automobile accident. On August 18, 2002, Defendant died. On August 20, 2002, the decedent's attorney filed a suggestion of death pursuant to Fed.R.Civ.P. 25(a)(1).

On November 26, 2002, the Defendant filed a motion to dismiss based on Plaintiff's failure to file a motion for substitution within the 90 days that are provided by Rule 25. Specifically, Rule 25(a)(1) provides that "[u]nless the motion for substitution is made not later than 90 days after the death is suggested upon the record of service of a statement of the fact of death ... the action shall be dismissed as to the deceased person."

On December 9, 2002, the Plaintiff filed a motion for extension of time seeking thirty days to respond to Defendant's Motion to Dismiss. Because the Plaintiff was *pro se,* this Court granted the extension by allowing the Plaintiff an additional thirty days to file a response to Defendant's Motion to Dismiss and Motion for Substitution provided that such filings were in full compliance with all applicable rules. Thus, Plaintiff had until January 6, 2003 to file his response to Defendant's motions.

Plaintiff failed to file any responsive pleadings within the 30–day extended period. On January 8, 2003, Plaintiff filed his response to Defendant's Motion to Dismiss, and on February 5, 2003, Plaintiff filed a document titled "Plaintiff's Motion for Substitution of Death." Not only was the motion for substitution filed almost a month after the thirty day extension, the motion was not in full compliance with all applicable rules because

it does not attempt to substitute another party. The motion merely requests information concerning who is the proper representative to substitute.

In Plaintiff's Response to Defendant's Motion to Dismiss, the Plaintiff disputes the sufficiency of the suggestion of death. The Plaintiff, citing *Rende v. Kay*, 415 F.2d 983 (D.C.Cir.1969), argues the suggestion of death was deficient because it did not identify the party to be substituted and that such deficiency precludes the triggering of the 90–day period under Rule 25.

This Court is called upon to answer the question: Under Rule 25 of the Federal Rules of Civil Procedure, does a suggestion of death fail to trigger the 90–day period when it does not identify the party to be substituted? There is a split in the Circuit Courts that have addressed this issue and there is not a 5th Circuit case to guide the inquiry.

## II.

Under Rule 25 of the Federal Rules of Civil Procedure, a party may move for substitution upon the death of any party. In relevant part, Rule 25 reads as follows:

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Rule 25 provides that an action shall be dismissed if a party is not substituted for the deceased after 90 days of the suggestion of death is filed. In the present case, this 90–day period has expired without substitution. Upon expiration, Plaintiff was granted an extension of thirty days, pursuant to Rule 6, because Plaintiff was *pro se*. This 30–day extension expired as well without substitution. Plaintiff now challenges the sufficiency of the suggestion of death because it did not identify the successor representative and argues that such deficiency failed to trigger the original 90–day period. Accordingly, Plaintiff argues that the case may not be dismissed as to the deceased party.

Plaintiff relies on *Rende v. Kay*, 415 F.2d 983 (D.C.Cir.1969) for the proposition that a suggestion of death does not trigger the 90–day period when it fails to identify the successor representative of the deceased party. The *Rende* court's concern is that to allow otherwise "would open the door to a tactical maneuver to place upon the Plaintiff the burden of locating the representative of the estate within 90 days" or suffer dismissal. *Id.* at 986. This concern led the D.C. Circuit to find the requirement, to identify a successor, as implicit in the Committee Notes to Rule 25. *Id.* at 985. Moreover, the Court bolstered its argument by mentioning that Rule 25(a)(1) was amended to "dispel unwarranted rigidity and allow more flexibility in substitution." *Id.* Thus, according to the *Rende* court, a suggestion of death must identify the successor representative of the deceased party.

This Court, however, believes the analysis of the Second Circuit is more persuasive and in accord with the concept of judicial restraint. In *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467 (2d Cir.1998), the Second Circuit holds, "The rule does not require that the [suggestion of death] identify the successor or legal representative; it merely requires that the statement of death be served on the involved parties." *Id.* at 470. The Second Circuit recognizes the concern of the *Rende* court that a party may suffer dismissal due to difficulty of locating the successor representative, but explains that Rule 6, the rule that allows the court to grant extensions, is the proper solution to this concern. *Id.* A court may simply grant an extension under Rule 6 to prevent dismissal of a claim when the circumstances justify the extension. Therefore, there is no need to read beyond the written words of the Rule because of

concerns of injustice, especially when the Federal Rules of Civil Procedure provide a solution to those concerns. *See Unicorn Tales, Inc.*, 138 F.3d at 470.

Furthermore, the *Rende* court's argument that the suggestion of death must identify the successor representative because Rule 25 was amended to dispel rigidity and provide flexibility is short-sighted. *See Rende*, 415 F.2d at 985. The amendment does not allow courts to be flexible when interpreting the Rule and find requirements that are implicit within the rule. Instead, the amendment, in conjunction with the amendment of Rule 6, was designed to provide flexibility in regards to the time periods imposed by Rule 25. Committee Notes to Rule 25 state: "Present Rule 25(a)(1), together with present Rule 6(b), results in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within a fixed period measured from the time of death. The hardships and inequities of this unyielding requirement plainly appear from the cases." Accordingly, Rule 6 was amended to allow the time periods of Rule 25 to be extended when necessary. *Rende*, 415 F.2d at 984. This flexibility provided by Rule 6 is precisely the reason the Second Circuit, and now this Court, holds there is no requirement to identify the successor representative in a suggestion of death. The courts will grant extensions to protect the parties from the concerns of the *Rende* court when the circumstances justify the extension.

## III.

Pursuant to this Court's adoption of the Second Circuit's reasoning, the suggestion of death was sufficient to trigger the 90–day period under Rule 25. Plaintiff failed to substitute a successor representative within this 90–day period and within the 30–day extension that this Court granted. Although this court may grant another extension pursuant to Rule 6, the circumstances of this case do not justify another extension. First, after Plaintiff failed to substitute a successor representative within the 90–day period, this court granted Plaintiff a 30–day extension. Plaintiff, again, failed to file a motion to substitute within

this 30–day extension period. Rather, Plaintiff filed a motion to substitute 30 days after the expiration of the 30–day extension. Second, Plaintiff's motion to substitute is deficient. The document is merely titled "Plaintiff's Motion for Substitution of Death," but the document does not attempt to substitute another party. Accordingly, this Court could not just accept the untimely motion. Instead, this Court would have to provide another extension so that Plaintiff could rectify the deficiency. To clarify, Plaintiff is urging this Court to disregard its own established deadline, to accept an untimely motion, and to provide another extension to rectify the untimely motion. Third, this case has been pending for in excess of 450 days. There must be some point when the beneficiaries of the estate are protected from the claims against the deceased. Fourth, the Plaintiff filed his complaint on the very last day before the expiration of the two-year statute of limitation period. For these reasons, this court will not grant another extension to Plaintiff and will dismiss the claim against the deceased Defendant. Accordingly,

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss be and hereby is **GRANTED** and Plaintiff's Complaint be and hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that all relief not granted herein be and hereby is **DENIED**.