[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12280
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20558-UU

GUSTAVO LIZARAZO,

Plaintiff-Appellant,

versus

MIAMI-DADE CORRECTIONS AND REHABILITATION DEPARTMENT,
CONRAD GREAVES, JR.,
in his individual capacity,
JEFFRY MONTEALEGRE,
in his individual capacity,
CALVIN HOWARD,
in his individual capacity,
SAMUEL MENARD,
in his individual capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 29, 2017)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

MARTIN, Circuit Judge:

Gustavo Antonio Lizarazo, acting as the personal representative for the estate of Gustavo Adolfo Lizarazo, appeals the denial of his Motion for Extension of Stay of Proceedings and Motion to Reopen Case and Substitute Plaintiff.[1]  Mr. Lizarazo says the District Court was wrong in finding his motions untimely.  After careful review, we reverse and remand for further proceedings.

I.

On June 8, 2012, Gustavo Adolfo Lizarazo was arrested.  While he was detained, Mr. Lizarazo alleges that a number of officers "repeatedly kicked, struck, and punched" him in the face and abdomen, resulting in a fractured right orbital socket and exploded orbital floor.  In 2016, Mr. Lizarazo brought suit against the officers he says attacked him, Miami-Dade County, and the director of the Miami-Dade Corrections and Rehabilitation Department ("MDCR").[2]

---

[1] The Motion for Extension of Stay was made by "Gustavo Lizarazo (posthumously through counsel)."  The Motion to Reopen Case and Substitute Plaintiff was made by "Gustavo Antonio Lizarazo, as anticipated Personal Representative of the Estate of Gustavo Adolfo Lizarazo, by and through undersigned counsel."  And this appeal was "made on behalf of the substitution Plaintiff, to the extent permitted by the Federal Rules of Civil Procedure."  For simplicity, we will refer to all claims as made by Mr. Lizarazo.

[2] The District Court dismissed all of Mr. Lizarazo's claims against the county and the MDCR director, as well as his gross negligence claims against the officers.  Mr. Lizarazo also appealed those dismissals to this Court, but we dismissed those claims for lack of jurisdiction in a separate order.

On November 17, 2016, Mr. Lizarazo died.  The next day, his attorney filed a Joint Motion for Stay of Proceedings Due to Death of Plaintiff.  The motion noted that because Mr. Lizarazo had "passed away less than twenty-four hours ago, counsel [did] not yet have information as to the appropriate substituted party."  In order to substitute a personal representative of Mr. Lizarazo's estate, the motion requested a ninety-day stay.  The parties submitted a draft order, which they described as "consistent with the procedures of Rule 25 of the Federal Rules of Civil Procedure."

Federal Rule of Civil Procedure 25 allows for substitution in the event that a party dies.  The rule further states: "If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a)(1).  Thus, to start Rule 25's ninety-day clock, a suggestion of death must be filed with the court and served on a personal representative of the deceased party.  On November 22, 2016, the defendants filed a Suggestion on Record of Plaintiff's Death.  And on November 29, the defendants served Mr. Lizarazo's father, one of the people they anticipated might serve as his personal representative, with that notice.  If the Rule 25 ninety-day period began to run when Mr. Lizarazo's father was served, it would have expired February 27, 2017.

3

On December 29, 2016, the District Court entered an order granting a ninety-day stay. The court required Mr. Lizarazo's attorney to file reports every thirty days on the status of the probate proceedings, and to notify the court within five days of the appointment of the personal representative. The order closed the case for administrative purposes and said it would be reopened "if a proper motion is made within 90 days hereof." Based on the date the order was filed, the stay would have expired on March 29, 2017.

Mr. Lizarazo's attorney filed monthly status reports, as required by the District Court's order. In the January 27 report, Mr. Lizarazo's attorney told the court that the family had made a "prompt request for a death certificate" and would soon be meeting with probate counsel to finalize filings, "pending receipt of the death certificate." In the February 24 report, Mr. Lizarazo's attorney reported that the family had only recently received the death certificate, and probate counsel had a hearing date of March 30. Because the court's ninety-day stay expired just before the hearing was scheduled, probate counsel was requesting an earlier hearing date.

On March 13, Mr. Lizarazo's attorney filed a motion to extend the stay. He said that probate counsel had not been able to get an earlier hearing date. Because the hearing to appoint a representative for Mr. Lizarazo's estate would take place

4

just after the court's ninety-day stay expired, Mr. Lizarazo's attorney requested a seven-day extension in order to file his motion to substitute parties.

Defendants opposed the seven-day extension.  They argued the text of Rule 25(a)(1) required the court to dismiss an action if a motion for substitution had not been made within ninety days of service of the Suggestion of Death on a nonparty successor or representative.  And because the defendants served Mr. Lizarazo's father on November 29, 2016, they argued that the ninety-day period had already expired.  According to the defendants, the court's ninety-day stay order did not extend this deadline.

On March 28, 2017, Mr. Lizarazo's attorney filed a motion to reopen the case and substitute Mr. Lizarazo's father as plaintiff.  The motion noted that Mr. Lizarazo's father had not yet been formally appointed personal representative, but that the motion was "being filed in an abundance of caution before the expiration of the stay."  Mr. Lizarazo's father was appointed administrator of his son's estate on April 3.  Mr. Lizarazo's attorney filed the Letters of Administration with the court on April 5.

On April 14, the District Court denied both the motion to extend the stay, as well as the motion to reopen the case and substitute plaintiff.  The court relied on the language of Rule 25: "Rule 25(a)(1) explicitly states that if the motion is not made within ninety (90) days after service of a statement noting the death, the

5

action <u>must</u> be dismissed.  Such language is mandatory, not discretionary."  The court agreed with the defendants that the ninety-day period under Rule 25 started the day Mr. Lizarazo's father was served with the Suggestion of Death, and found that substitution therefore had to happen by February 29.[3]  The District Court also found that Mr. Lizarazo's failure to meet the February deadline was not due to "excusable neglect," which would have allowed the court to consider the untimely motions, and therefore "the Court must dismiss this action."  The District Court denied the motion to extend the stay as moot.

II.

We review <u>de novo</u> a district court's interpretation of the Federal Rules of Civil Procedure.  <u>Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.</u>, 279 F.3d 1306, 1308 (11th Cir. 2002).  We review for abuse of discretion a district court's denial of motions for substitution and for extension of time.  <u>See</u> <u>In re Engle Cases</u>, 767 F.3d 1082, 1109 (11th Cir. 2014); <u>Advanced Estimating Sys., Inc. v. Riney</u>, 77 F.3d 1322, 1325 (11th Cir. 1996) (per curiam).  "[A]pplication of an incorrect legal standard is an abuse of discretion."  <u>Advanced Estimating Sys., Inc.</u>, 77 F.3d at 1325.

Federal Rule of Civil Procedure 25(a)(1) states:

---

[3] In its order, the District Court repeatedly stated that the ninety-day period began on November 29, 2016, and expired on February 29, 2017.  However, a ninety-day period beginning on November 29, 2016, would have expired on February 27, 2017.

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Before 1963, Rule 25 required courts to dismiss an action if the motion for substitution was not made within two years of the death of the party. See Rende v. Kay, 415 F.2d 983, 984 (D.C. Cir. 1969). No extensions of this deadline were allowed. Id. But in 1963, Rule 25 was amended to allow for substitution of a party within ninety days from when a notice of death is filed and properly served. See id. at 984–85. This was intended to provide a more flexible approach and avoid the "hardships and inequities" that resulted from the previously inflexible, two-year requirement. See Fed. R. Civ. P. 25 advisory committee's note to 1963 amendment.

The Advisory Committee's notes to the amended rule also explain that courts have the discretion to extend the ninety-day deadline. See id. ("The motion may not be made later than 90 days after the service of the statement unless the period is extended pursuant to Rule 6(b), as amended." (citation omitted and emphasis added)). Rule 6 was concurrently amended to eliminate the prohibition on extending Rule 25 deadlines. The Advisory Committee's notes to Rule 6 from the same year specifically provide that courts "shall have discretion to enlarge" the

period for substituting a party under Rule 25.  Fed. R. Civ. P. 6 advisory committee's note to 1963 amendment.

District courts have discretion to extend the Rule 25 ninety-day period for substitution.  The Advisory Committee's notes to both Rules 6 and 25 say as much.  And "[a]lthough not binding, the interpretations in the Advisory Committee Notes are nearly universally accorded great weight in interpreting federal rules." Horenkamp v. Van Winkle and Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (quotation omitted).  We therefore agree with our sister circuits that have recognized that Rule 25's ninety-day deadline may be extended under Rule 6(b). See, e.g., Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1094 (9th Cir. 2017); Cont'l Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993); McSurely v. McClellan, 753 F.2d 88, 98 n.5 (D.C. Cir. 1985) (per curiam); Staggers v. Otto Gerdau Co., 359 F.2d 292, 296 (2d Cir. 1966) ("[T]he history of the 1963 amendment to Rule 25 makes clear that the 90 day period was not intended to act as a bar to otherwise meritorious actions.").

The District Court based its order on an incorrect interpretation of Rule 25. The court stated: "if the motion is not made within ninety (90) days after service of a statement noting the death, the action must be dismissed.  Such language is mandatory, not discretionary."  The District Court's ruling was therefore based on its mistaken understanding that it could not extend Rule 25's ninety-day period.

8

But to the contrary, Rule 6(b) permits the court to extend the Rule 25 ninety-day period for good cause with or without motion. Fed. R. Civ. P. 6(b)(1)(A). And after the Rule 25 period expired, the District Court retained the discretion to extend time if Mr. Lizarazo showed "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Here, the District Court went straight to the "excusable neglect" analysis without considering whether its December 29 stay effectively extended the Rule 25 period. Because it applied an incorrect legal standard, the District Court abused its discretion. See Advanced Estimating Sys., Inc., 77 F.3d at 1325.

On remand, the District Court should consider whether its December 29 order allowing the case to be reopened if "a proper motion is made within 90 days hereof" had the effect of extending the Rule 25 deadline to March 29. If so, Mr. Lizarazo's motions for an extension of the stay, filed March 13, and for substitution, filed March 28, were both timely. A timely motion to extend is reviewed for good cause, not excusable neglect, Fed. R. Civ. P. 6(b), and "should be liberally granted absent a showing of bad faith . . . or undue prejudice." See, e.g., United States v. Miller Bros. Const. Co., 505 F.2d 1031, 1035 (10th Cir. 1974).

If the District Court determines that the December 29 order did not extend the Rule 25 period, it must then turn to the question of whether Mr. Lizarazo's delay was the result of "excusable neglect." A part of the "excusable neglect"

analysis will no doubt include whether the language of the court's December 29 order—saying that the case would be reopened if a proper motion to substitute was filed "within 90 days hereof"—could excuse the March 13 and March 28 filings. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 391–92, 395, 398–99, 113 S. Ct. 1489, 1496, 1498, 1500 (1993) (describing the "excusable neglect" test and highlighting the "dramatic ambiguity" in a notice from the court as weighing in favor of a finding of "excusable neglect").

**REVERSED AND REMANDED.**