[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10644

Non-Argument Calendar

_____

PATRICIA HERMANN,

Plaintiff-Appellant,

*versus*

DETECTIVE JONATHAN B. MCFARLAND,
In his individual capacity,
DETECTIVE SERGEANT DANIEL STEVEN ROBERSON,
In his individual capacity,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02313-ELR

———————————————

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Patricia Hermann appeals from the district court's grant of summary judgment in favor of two Cobb County Police Department employees, Detective Jonathan McFarland and Detective Sergeant Daniel Roberson (collectively, Defendants), who were sued in their individual capacities. Hermann challenges the district court's denial of her motion for an extension of time to respond to the Defendants' summary judgment motion, the denial of her motion for reconsideration of that order, and the grant of summary judgment on what she asserts is an incomplete record. Upon review, we affirm.

## I. BACKGROUND[1]

---

[1] The district court sealed its final order and certain filings due to the sensitive nature of the accusations and alleged victims in the underlying criminal case. The allegations in Hermann's complaint, however, were not sealed, and we need not reach the sealed material to address Hermann's arguments on appeal.

Hermann was a gymnastics coach for children with special needs. In 2015, her gymnastics team travelled to Georgia to participate in a competition. Two of the minor participants with mental disabilities reported sexual abuse by Hermann. The Defendants investigated these allegations, arranged for forensic interviews of the alleged victims, and conducted interviews of witnesses.

Hermann resigned as a coach in October 2015. Shortly after, the Defendants sought and obtained an arrest warrant for Hermann from a Cobb County magistrate. Hermann was arrested and released on bond. A Georgia grand jury indicted Hermann on charges for the alleged abuse, but the criminal case was dismissed by the prosecutor shortly before the scheduled jury trial.

In May 2020, Hermann filed the instant four-count complaint under 42 U.S.C. § 1983, asserting claims for conspiracy to violate her civil rights and malicious prosecution against both Defendants as well as failure to intervene against Roberson. She asserted McFarland testified falsely and knowingly omitted relevant and material exculpatory evidence in obtaining the arrest warrants and while testifying before the grand jury. She further asserted Roberson provided information to McFarland to enable this false testimony and omission and that both Defendants acted with actual malice in prosecuting Hermann because they knew—and no reasonable detective would have determined otherwise—there was never probable cause to charge or prosecute her.

Shortly after the complaint was filed, the district court judge provided instructions for civil cases assigned to her, including

procedures for summary judgment. In September 2020, the district court issued a scheduling order, setting the deadline for summary judgment motions in April 2021. In March 2021, the court granted the parties' joint motion to extend time to complete discovery and postponed the deadline for dispositive motions until June 7, 2021.

On June 1, 2021, the Defendants, with Hermann's consent, requested a 10-day extension to move for summary judgment, which would make the motion due on June 17. They explained defense counsel's available time for briefing had been diminished because, among other things, the county's litigation team was down one attorney due to an unexpected medical leave. They further stated, "As this extension impacts Plaintiff's counsel's previous schedule, including being out of the office from July 11, 2021 through July 18, 2021, the parties request, by agreement, that Plaintiff's response to the summary judgment be due July 26, 2021." The Defendants later sought leave to file a single 40-page brief in support of a consolidated motion for summary judgment, rather than file two motions. Hermann did not respond.

The court granted these motions, and the Defendants moved for summary judgment on June 17. They argued they were entitled to qualified immunity because there was at least arguable probable cause to arrest and prosecute Hermann based on all the evidence before them at the time. The Defendants filed a brief in support, a statement of material facts, sworn declarations by McFarland and Roberson, excerpts from transcripts of multiple depositions, and other evidence. The Defendants also requested

Hermann file the original deposition transcripts for four depo-nents.

On July 23—the Friday before the Monday, July 26, dead-line—Hermann moved for a 21-day extension of time to respond to the Defendants' motion for summary judgment. She asserted the Defendants' motion was "extensive," emphasizing the 72-page declaration by McFarland, the 27-page declaration by Roberson, the 201-paragraph statement of material facts, and the 42-page[2] brief in support. Hermann also explained her counsel had a busy professional and personal schedule that "made it impossible to di-rect sufficient attention to the response." She stated her attempts to contact defense counsel about this motion went unanswered.

The following Monday, July 26, the Defendants responded "in [o]pposition" to Hermann's extension request, asserting her counsel emailed defense counsel about the extension at around 1:00 P.M. on July 23, about three hours before Hermann filed her motion. The Defendants pointed out 39 days had passed since they moved for summary judgment. They also stated the action had adverse effects on their lives and reputations and that they pre-ferred not to have the case delayed any longer than necessary.

On July 27, the district court denied Hermann's request for an extension, explaining the motion was opposed, Hermann's

---

[2] Excluding the cover and signature pages, the Defendants' brief in support of their motion was 40 pages.

attempts to reach opposing counsel amounted to a single email, and the July 26 deadline already included an 18-day extension of the 21-day period otherwise provided under Local Rule 7.1(B).  Given this, the court found Hermann had not established good cause under Federal Rule of Civil Procedure 6(b)(1)(A) to receive an extension of time.

Hermann sought reconsideration of the July 27 order.  She asserted she had called, not only emailed, defense counsel about the extension but they did not answer.  She also elaborated on the circumstances surrounding her request for an extension, explaining, among other things, she had agreed to the Defendants' earlier request for a 10-day extension on the condition of setting her response deadline on July 26 to account for a family vacation her counsel had planned in July.

In response to the reconsideration motion, the Defendants argued Hermann failed to meet the reconsideration standard and stated a search of phone records revealed a call from Hermann's counsel's law firm but her counsel did not leave a voicemail.  In reply, Hermann argued there would be "manifest injustice" if the district court treated the Defendants' summary judgment as unopposed and quoted sections of the depositions that were not in the Defendants' excerpts.  If an extension were granted, she stated she would file a response to the Defendants' summary judgment motion the next day.  Finally, she attached a 156-page response in opposition to the Defendants' statement of material fact, and she asserted preparing it was "a herculean task that could not have been

completed in the allotted time regardless of the undersigned's schedule."

On February 16, 2022, the district court denied Hermann's motion for reconsideration and granted the Defendants' motion for summary judgment. The court explained Hermann's motion for reconsideration "essentially repeats the same arguments (with more detail) that the Court has already rejected." It found her motion did not meet the standard for reconsideration.

Having denied the extension of time to respond, the court found Hermann failed to timely file her opposition to the Defendants' summary judgment motion and statement of material facts in accordance with the Northern District of Georgia's local rules. The court deemed admitted each of the Defendants' proposed facts. The court explained it would (1) exclude proposed facts that are immaterial, (2) include facts drawn from its review of the record, and (3) consider all proposed facts in light of the standard for summary judgment, noting it "remain[ed] mindful of its obligation to 'review [Defendants'] citations to the record to determine if there is, indeed, no genuine issue of material fact.'"

On the merits, the district court found Hermann's conspiracy charge was barred by the intracorporate conspiracy doctrine and that the Defendants were entitled to qualified immunity on the malicious prosecution and failure to intervene claims. The court also noted McFarland was entitled to absolute immunity for any grand jury testimony. Over the course of the 25-page order, the

8                    Opinion of the Court                    22-10644

court cited extensively to the Defendants' statement of material facts and Hermann's complaint.

## II. DISCUSSION

### A. Denial of Extension of Time

Hermann contends the district court based the denial of her motion for an extension of time on erroneous factual findings and incorrectly applied the legal standard. We reject this argument because the record supports the district court's findings and because the court applied the correct legal standard. *See Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1010-11 (11th Cir. 2017) ("We review for abuse of discretion a district court's denial of motions . . . for extension of time.").[3]

Hermann asserts the July 23 motion was her first—not second—request for an extension of time to respond to the summary judgment motion. However, the Defendants' June 1 motion stated Hermann not only agreed to their request for a 10-day extension of time to move for summary judgment but also requested an extension of Hermann's response period to accommodate her counsel's schedule. Even if the June 1 motion was technically filed only by

---

[3] "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004) (quotation marks omitted). "A district court may also abuse its discretion by applying the law in an unreasonable or incorrect manner." *Id.*

the Defendants, Hermann's July 23 motion was not her first request for an extension. As for Hermann's assertion the July 23 motion was unopposed, the Defendants' "Response in Opposition to 'Plaintiff's Motion to Extend Time to Respond to Defendants' Motion for Summary Judgment'" clearly opposed the extension despite their request to extend their time to reply if Hermann were granted an extension.

Hermann also contends she showed good cause, arguing the district court abused its discretion by failing to consider equitable principles and by applying a more stringent good cause standard to her motion than it did when granting the Defendants' June 1 motion.

A district court may extend a deadline before the original time expires for "good cause." *See* Fed. R. Civ. P. 6(b)(1)(A). While we have not addressed the good cause standard under Rule 6(b)(1)(A) in a published opinion, in the context of Rule 16(b)(4) concerning scheduling orders, we have said the "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotation marks omitted). We have "stress[ed] the broad discretion district courts have in managing their cases." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). "This discretion is not wholly unfettered . . . but it is and must be broad." *Id.* (internal citation omitted).

In her reply brief, Hermann asserts there was no scenario under which a response could have been completed within the time allowed by the district court. But the July 26 response deadline was set at Hermann's request, and it encompassed an 18-day extension beyond the standard 21 days to respond. Considering Hermann filed a 157-paragraph complaint and the parties jointly emphasized how complex the case was in their March 8 motion to extend the discovery period, Hermann was aware of the complexity of the case and her schedule when she requested that deadline. Even if she were surprised by the extent of the Defendants' summary judgment motion and supporting documents, Hermann waited over a month to ask for an extension. Given the relationship between good cause and diligence, the district court did not abuse its discretion in refusing to further extend the response deadline based on an opposed request for a second extension filed on a Friday afternoon before a Monday deadline. *See Sosa*, 133 F.3d at 1418. Moreover, the district court's denial of Hermann's request for a 21-day extension was not inconsistent with its grant of the Defendants' motion for a 10-day extension. The context and the length of the requested extensions were simply different.

To the extent Hermann contends the interest of justice requires reversal, "[t]he abuse of discretion standard of review recognizes . . . there is a range of choice for the district court and so long as its decision does not amount to a clear error of judgment we will not reverse even if we would have gone the other way had the choice been ours to make." *Chrysler Int'l Corp.*, 280 F.3d at 1363.

The district court applied the correct legal standard—good cause—and had broad discretion to grant or deny the extension. *See id.* at 1360; *cf.* Fed. R. Civ. P. 6(b)(1)(A) ("[T]he court *may*, for good cause, extend the time . . ." (emphasis added)). We cannot say the district court made a clear error of judgment.

Finally, Hermann asserts the district court abused its discretion in denying her motion for reconsideration for essentially the same reasons she contends the district court should have granted her motion in the first place. Consequently, we reject Hermann's arguments about the motion for reconsideration for the same reasons we reject her arguments about the motion for an extension. *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993) (explaining the denial of a motion for reconsideration of a nonfinal order is reviewed for abuse of discretion).

## B. Grant of Summary Judgment

Hermann's sole argument about the grant of summary judgment is the Defendants failed to file a complete record that would allow the district court to consider the merits of the case.[4] By not

---

[4] "We review a district court's grant of summary judgment *de novo* considering all the facts and reasonable inferences in the light most favorable to the non-moving party." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). However, Hermann does not challenge the district court's legal analysis on appeal with respect to any particular claim. Nor does she cite specific record evidence before the district court which would give rise to a genuine dispute of material fact or argue the Defendants' statement of material facts,

filing a timely response in opposition to the Defendants' summary judgment motion and statement of material fact, Hermann "failed to comply with Local Rule 56.1 -- the only permissible way for [her] to establish a genuine issue of material fact at that stage," so "the court has before it the functional analog of an unopposed motion for summary judgment." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008).

The district court's 25-page order granting summary judgment for the Defendants did not "base the entry of summary judgment on the mere fact that the motion was unopposed," but rather considered the motion on the merits. *Id.* at 1269. Indeed, after deeming the Defendants' statement of undisputed facts to be admitted under Local Rule 56.1, the district court expressly acknowledged its obligation to "review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Id.* (quotation marks omitted). The court cited the unopposed statement of material facts, which, in turn, cited the sworn declarations by the Defendants, excerpts from deposition transcripts,

---

once accepted as true, would not support summary judgment. At most, she makes passing reference in her Statement of Facts section to a few examples in which, she asserts, the district court relied on facts unsupported by the record. But she does not explain how these purported discrepancies created a genuine dispute of material fact. Hermann has thus abandoned these claims by failing to adequately brief them, and we only review her general argument about the district court granting summary judgment on an incomplete record. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014).

and other record evidence on which summary judgment could be decided. *See* Fed. R. Civ. P. 56(c).

Hermann contends the district court's failure to require the Defendants to provide complete transcripts of the depositions violated the local rules and the instructions of the district court.[5] *See* N.D. Ga. Civ. R. 56.1(C). But after ensuring "the motion itself is supported by evidentiary materials," "[t]he district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). It follows the district court also need not require the Defendants to provide additional evidence that the court does not need to consider—particularly where Hermann did not properly object to the Defendants' statement of material facts or the admissibility of their declarations in the district court. *See* Fed. R. Civ. P. 56(c)(3) ("The

---

[5] The parties also disagree about whether complete transcripts were required and, if so, who should have provided them. The district court's "Instructions for Cases Assigned to the Honorable Eleanor L. Ross" provided, in relevant part: "When filing a brief in support of or in opposition to a motion for summary judgment, the party shall also file, as a separate docket entry, an electronic copy of the complete transcript of each deposition referenced in the brief." Local Rule 56.1(C) provides the parties must file "copies of those excerpts of depositions" referred to in their briefs. "In addition, when a portion of a deposition is referenced and submitted, then the party in custody of the original of that deposition shall cause the entire deposition to be filed with the Court." N.D. Ga. Civ. R. 56.1(C).

court need consider only the cited materials, but it may consider other materials in the record.").

Considering Hermann failed to timely oppose the Defendants' statement of material facts, the district court did not abuse its discretion in applying Local Rule 56.1 when it decided the motion based on the record before it. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it."); *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009) ("We give great deference to a district court's interpretation of its local rules and review a district court's application of local rules for an abuse of discretion." (quotation marks omitted)).

## III. CONCLUSION

In short, the district court did not abuse its discretion in denying Hermann's second, opposed request for an extension of time to respond to summary judgment nor did it err in granting summary judgment on the unopposed record before it. Accordingly, we **AFFIRM** the district court's grant of summary judgment in favor of the Defendants.