[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13946

_____

MARIDA SILAS,

individually, and in her prospective capacity as Personal Representative of the Estate of Rochenel Silas,

                                        Plaintiff - Appellant,

*versus*

SHERIFF OF BROWARD COUNTY, FLORIDA,

                                        Defendant - Appellee

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-61480-WPD

_____

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM, and MARCUS, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal concerns who must be served with a suggestion of death before a district court dismisses a complaint against a deceased party. Federal Rule of Civil Procedure 25(a) permits the dismissal if no one moves to substitute a proper party for the decedent "within 90 days after service of a statement noting the death." Rule 25(a)(3) states that a suggestion of death must be served on "nonparties" without specifying which nonparties must be served. The district court concluded, and we agree, that service on the surviving family members was unnecessary where the decedent had no estate when the suggestion of death was filed. Because the decedent's survivors were not identified as his legal successors and did not have to be served before the 90-day deadline under Rule 25 expired, we affirm.

## I. BACKGROUND

In 2015, Rochenel Silas filed a complaint against Officer Paul Yesbeck and the Sheriff of Broward County, Florida. Silas alleged claims for battery and false arrest based on his arrest by Yesbeck in 2011. After Silas added federal claims against Yesbeck, 42 U.S.C. § 1983, the Sheriff removed the case to the district court. Rochenel has since died, though his death has no bearing on this appeal.

Rochenel is survived by his wife, Marida, who serves as the personal representative of his estate in this lawsuit.

On June 18, 2021, Yesbeck died. On July 12, 2021, the Sheriff filed a suggestion of death and served Silas's counsel. Silas responded to the notice and argued that her claims against Yesbeck survived his passing "provided [that] a timely compliant Motion for Substitution under [Federal] Rule [of Civil Procedure] 25 is filed."

The district court notified Silas of the deadline, under Rule 25, to substitute a new defendant for Yesbeck. That rule provides that "[i]f the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action . . . against the decedent must be dismissed." FED. R. CIV. P. 25(a)(1). The district court notified the parties that any motion to substitute "must be filed on or before October 11, 2021." The district court cautioned that "[f]ailure to do so shall result in the immediate dismissal of any claims against Paul Yesbeck pursuant to Fed. R. Civ. P. 25(a)."

On August 27, 2021, Silas filed a motion to substitute an administrator *ad litem* for Yesbeck. In support of the motion, Silas explained that she had identified Yesbeck's surviving spouse and two children and had learned that an estate had not been opened for Yesbeck. As a result, Silas said that she would retain counsel in Alabama and open an estate for Yesbeck. Then, she would "seek the appointment of an administrator *ad litem* as personal representative or executor of the estate." Those steps are required under

4                    Opinion of the Court                    21-13946

Alabama law to continue a suit against a deceased party. ALA. CODE §§ 43-2-42(a), 43-2-250.

On August 30, 2021, the district court denied Silas's motion for substitution without prejudice. The district court concluded that the motion was premature because it did "not appear from the motion that an estate for Paul Yesbeck ha[d] been opened in Alabama, nor ha[d] an Alabama court appointed an administrator *ad litem* as personal representative or executor for that estate." The district court stated that Silas could renew the motion after satisfying these requirements. The district court also reminded the parties of its earlier order setting October 11, 2021, as the deadline "for the filing of any motion for substitution."

Silas never took the necessary steps to open an estate for Yesbeck in Alabama, and she never filed another motion to substitute a proper party. After the deadline passed, the district court dismissed all claims against Yesbeck for failure to substitute a proper party.

A week later, Silas filed a motion to vacate, amend, or modify the order dismissing the claims against Yesbeck or, in the alternative, for relief from that order. Silas argued that her August motion for substitution complied with Rule 25(a). She argued that a defective motion to substitute satisfies Rule 25(a) because the rule "requires only that a motion for substitution be *filed*," not that it be "*consummated*." (Emphasis added). Silas alternatively argued that the failure to file a timely motion was the result of excusable neglect. She argued that she had interpreted the August order that

denied her motion for substitution as "providing . . . a reasonable amount of time after the deadline of October 11, 2021" to open an estate for Yesbeck. After the Sheriff filed a response, Silas filed a supplemental motion to vacate. Silas argued for the first time that the 90-day period for filing a motion for substitution had never commenced because the Sheriff failed to serve the suggestion of death on Yesbeck's surviving family members.

The district court denied the motion to vacate. It concluded that dismissal was warranted because Silas failed to meet the October 11 deadline. And it found that Silas did not establish excusable neglect based on her failure to meet a clear deadline. The district court also rejected Silas's argument that service was deficient under Rule 25(a). It agreed with the Sheriff that Yesbeck had no successors or representatives, so the Sheriff did not need to serve a "non-existent, non-party."

## II. STANDARDS OF REVIEW

Two standards govern our review. "We review *de novo* a district court's interpretation of the Federal Rules of Civil Procedure." *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1010 (11th Cir. 2017). And we "review a district court's determination regarding excusable neglect for abuse of discretion." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1255 (11th Cir. 2007).

## III. DISCUSSION

We divide our discussion into two parts. First, we explain that the district court correctly dismissed the claims against

Yesbeck because the Sheriff did not have to serve a suggestion of death on Yesbeck's survivors. Second, we explain that the district court did not abuse its discretion in denying Silas's motion to vacate because Silas's failure to meet a clear deadline does not qualify as excusable neglect.

### A. The District Court Correctly Dismissed the Claims Against Yesbeck Under Rule 25.

The parties dispute whether Yesbeck's surviving spouse and children qualify as nonparties who had to be served with a suggestion of death when no estate existed for Yesbeck. Federal Rule of Civil Procedure 25(a)(3) provides that a statement noting death "must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." The parties agree that the Sheriff properly served the "parties," but the Rules do not define who counts as a "nonparty." Silas maintains that Yesbeck's surviving family members were nonparties who had to be served with a suggestion of death. Because the Sheriff did not serve these nonparties, Silas contends that the district court lacked the authority to dismiss the action against Yesbeck.

Although Rule 25 does not define "nonparty," its context makes clear that the decedent's surviving family members do not need to be served with a suggestion of death unless they represent the decedent's estate. Rule 25 facilitates the substitution of a "proper party" to take the place of the decedent. FED. R. CIV. P. 25(a)(1). By requiring service of a suggestion of death on nonparties, the Rule encourages the existing parties to promptly identify

which—if any—nonparties have the legal authority to step into the decedent's position in the case. Those nonparties must be notified to begin the 90-day period provided by Rule 25(a)(1). But they are a limited group. After all, nonparties cannot mean "every person in the United States who happens not to be a party to the lawsuit in question." *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008).

To identify who has the legal authority to serve as a substitute, we look to the text of Rule 25, which specifically references the decedent's "successor[s]" or "representative[s]" as the only nonparties who may move for substitution. FED. R. CIV. P. 25(a)(1). These nonparties are not necessarily the decedent's surviving family members. Instead, a state probate court determines who serves as the decedent's successor or representative of his estate. *See* ALA. CODE § 43-2-42(a); *see also Henderson v. Briarcliff Nursing Home*, 451 So.2d 282, 283–84 (Ala. 1984) (noting that the status of "personal representative" is "judicially conferred"), *overruled on other grounds by Hayes v. Brookwood Hosp.*, 572 So.2d 1251 (Ala. 1990). Under Rule 25, the party serving the suggestion of death must look to state law, identify the decedent's representative or successor, and notify that party of the death and the lawsuit. Only after that notice can the 90-day period begin. But when the decedent lacks a legal successor or representative, Rule 25 does not require service on "nonparties" who lack the legal authority to serve as a substitute party. As we have explained, "to start Rule 25's ninety-day clock, a suggestion of death must be filed with the court and served on a

personal representative of the deceased party." *Lizarazo*, 878 F.3d at 1010.

Our sister circuit's decision in *Atkins v. City of Chicago* is instructive. There, counsel for the deceased plaintiff did not serve a suggestion of death on the decedent's wife. 547 F.3d at 873. In the suggestion of death, counsel for the decedent named the wife as the pending personal representative of the decedent's estate and stated that he would be representing her. *Id.* But he never served the wife with a suggestion of death. The Seventh Circuit held that "nonparties with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been), should certainly be served." *Id.* It concluded that the decedent's wife needed to be served because she had been identified as the pending personal representative of her husband's estate.

Yesbeck's surviving family members do not qualify as nonparties who must be served to begin the 90-day period for substitution under Rule 25. Silas acknowledges that Yesbeck's family members were not representing the estate. No estate existed. Silas also offers no evidence that these family members had been identified as the pending representatives of the estate. *See Atkins*, 547 F.3d at 873. As a result, Yesbeck's "survivors" were no more liable to Silas than any other stranger to the lawsuit. Because Yesbeck's "survivors" had no stake in the lawsuit and lacked the legal authority to file a motion to substitute, they did not have to be served before the substitution period could begin.

Silas argues that because no estate existed, she had no way to substitute a party for Yesbeck, but we disagree. State law—in this case, Alabama law—controls the opening of an estate. Under Alabama law, where the decedent's survivors do not apply to administer the estate and forty days pass, they relinquish their right. ALA. CODE § 43-2-43(b). After that period, Silas was permitted to apply for letters of administration. *See id.* The August 30, 2021, order informed Silas precisely what steps she needed to take to renew her motion for substitution. It told her to open an estate in Alabama. And it stated that the Alabama court would appoint an administrator of the estate. Silas said that she would take these steps. She stated that she would retain local counsel in Alabama and open an estate for Yesbeck. But she never did so.

Silas also never moved to extend the time to file a motion for substitution. *Kotler v. Jubert*, 986 F.3d 147, 155–56 (2d Cir. 2021). Rule 6(b) "allows a litigant to seek permission to enlarge the time in which 'an act may or must be done,' and allows the court to extend a litigant's time for good cause." *Id.* (quoting FED. R. CIV. P. 6(b)). Silas could have sought more time to file her motion for substitution in the event the state court failed to appoint an administrator of the estate before the 90-day window expired. *Id.* But Silas never did so. Only after the 90-day deadline passed and the district court dismissed the claims against Yesbeck did Silas object. Because Silas failed to take the requisite steps to open an estate before the 90-day period expired, the district court properly dismissed the claims against Yesbeck.

The Sheriff also argues that a different rule applies when the decedent is a defendant than when he is a plaintiff. But the text of Rule 25 does not distinguish between plaintiffs and defendants. And the only question before us is whether the Sheriff had to serve the surviving family members of a deceased defendant when they did not represent the decedent's estate. He did not.

### B.  *Silas's Failure to Meet the Deadline Was Inexcusable.*

Silas also argues that the district court abused its discretion when it refused to forgive her failure to meet the deadline under Rule 25 as excusable neglect, but we again disagree. Silas's failure to abide by a clear deadline means that she cannot establish excusable neglect.

When a party files a motion for an extension of time after the expiration of a deadline, the court must decide whether the failure to meet the deadline was "because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). We have held that, as a matter of law, "an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997). Moreover, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). So, failure to abide by a clear legal deadline constitutes inexcusable neglect.

Silas's inadvertence and ignorance of the rules cannot excuse her failure to meet the Rule 25 deadline. Silas should have been aware of the 90-day deadline for a motion to substitute. And, in the event her memory needed jogging, the district court reminded her twice. In its July 23, 2021, order, the district court stated that any motion to substitute "must be filed on or before October 11, 2021." Then, in denying Silas's motion to substitute on August 30, 2021, the district court reminded the parties that it had "entered an Order setting a deadline of October 11, 2021, for the filing of any motion for substitution." Silas not only misunderstood the clear import of Rule 25 but also ignored repeated court warnings of the 90-day deadline. Under *Pioneer* and *Advanced Estimating Systems*, that inadvertence cannot constitute excusable neglect.

Silas insists that the motion to substitute contained a "dramatic ambiguity" that excuses her failure to meet the deadline. She argues that the August 30, 2021, order did not contain a clear deadline and did not "reiterate that a substitution had to occur by the original deadline of October 11, 2021." But the record belies Silas's argument. The district court reminded the parties of the October 11, 2021, deadline in its order denying Silas's motion to substitute. And it enforced that deadline—as is required by Rule 25, although the deadline may be extended for good cause, *Lizarazo*, 878 F.3d at 1011—in dismissing the claims against Yesbeck. Silas's failure to abide by that deadline was not excusable.

## IV. CONCLUSION

We **AFFIRM** the dismissal of the complaint against Officer Yesbeck. We also deny as moot Silas's motion to supplement the record.

21-13946          ROSENBAUM, J., Concurring          1

ROSENBAUM, Circuit Judge, Concurring:

I concur in the Court's opinion. I write separately only to point out the natural import of our decision today, in combination with our decision in *Lizarazo v. Miami-Dade Corrections & Rehabilitation Department*, 878 F.3d 1008 (11th Cir. 2017).

Federal Rule of Civil Procedure 25(a)(1) authorizes "any party or . . . the decedent's successor or representative" to file a motion for substitution upon a party's death. But the motion must be filed "within 90 days after service of a statement noting the death," unless the court grants extensions of time, or "the action by or against the decedent must be dismissed." *Id.* As for how service must be effected, Rule 25(a)(3) tells us, as relevant here, that both a notice of death and a motion to substitute "must be served on the parties . . . and on nonparties . . . ." *Id.* Today, we explain that the "nonparties" on whom the notice of death and motion to substitute must be served are the successor or personal representative of the deceased (or both if both exist).

We have previously held that, "to start Rule 25's ninety-day clock, a suggestion of death must be filed with the court and served on a personal representative [and successor] of the deceased party." *Lizarazo*, 878 F.3d at 1009. This case is about what happens when there is no successor or personal representative. And on that score, we hold that, when no successor or personal representative exists, a party complies with Rule 25(a)(1)'s requirement to serve the notice of death by serving the other parties, since no "nonparties," as Rule 25(a) defines the term, exist.

2                    ROSENBAUM, J., Concurring                    21-13946

But Rule 25(a) and our reasoning necessarily mean that, when a successor or personal representative does exist—even if the serving party does not know of that successor or personal representative—the service on the other parties alone does not trigger the ninety-day clock.  That is so for two reasons.

First, as I've noted, we held in *Lizarazo* and reaffirm today that, when a successor or personal representative exists, the ninety-day clock does not begin to run until after that successor or personal representative is served with the suggestion of death.  We based our holding on the text of Rule 25(a).  *See Lizarazo*, 878 F.3d at 1009; Maj. Op. at 7–8.  And Rule 25(a)'s text does not distinguish expressly or implicitly in application of the rule to deceased plaintiffs and deceased defendants, so the *Lizarazo* rule applies equally in both situations.  Reviewing Rule 25(a)'s text also reveals that it does not excuse or except failure to serve the successor or representative when one or both exist.

Second, if the ninety-day clock were triggered by service on only parties, even when a successor or representative existed and the serving party knowingly shirked its duty to serve that successor or representative, the rule requiring service on a successor or representative would then rarely, if ever, be followed in the context we have today—that is, when a defendant is the deceased party and the serving party is one that has no interest in recovery from or blame on that deceased defendant.  Indeed, allowing a serving party to avoid compliance with Rule 25(a)'s requirement to serve the successor or representative would supercharge the incentive

for defendants not to seek to identify the successor or representative. After all, failing to look at all for a successor or representative would allow the serving party to start the ninety-day clock immediately—even if a successor or representative were readily identifiable.

Such an interpretation would also have administrative consequences for the district court: plaintiffs who received a Rule 25(a) notice from another party might well be inclined to seek evidentiary hearings on whether the serving party knew that a successor or representative existed in cases where the plaintiff became aware that a successor or representative existed. And if the plaintiff could show that the serving party did know but didn't reveal that information in the suggestion of death, sanctions might be in order, or a court might have to unwind its closing of the case, which could have been prevented had the serving party simply complied with its obligation to serve the successor or representative.

But holding serving parties responsible by not starting the ninety-day clock if a successor or personal representative exists and the serving party fails to serve them mitigates these problems. For starters, it incentivizes the serving party to undertake at least some efforts to identify a successor or personal representative. As a result, the letter and spirit of Rule 25(a)(1) are far more likely to be complied with—a desirable consequence in its own right. And that, in turn, appreciably decreases the chances a court will have to unwind a case later because an unserved successor or representative existed at the time of service on the parties.