[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13321

Non-Argument Calendar

_____

ENVIRONMENTAL PROTECTION COMMISSION OF
HILLSBOROUGH COUNTY, FLORIDA,

Plaintiff-Appellant,

*versus*

MERCEDES BENZ USA, LLC,
DAIMLER AKTIENGESELLSCHAFT,

Defendants-Appellees,

ROBERT BOSCH, LLC, et al.,

2                    Opinion of the Court                    22-13321

                                                              Defendants.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-02238-VMC-MRM

———————————

Before WILSON, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

This case centers around "defeat device" software that was installed in certain diesel Mercedes vehicles from 2007 to 2016, and the subsequent, post-sale updates that were made to the software. The defeat devices allowed the vehicles to bypass their emissions control systems and emit more pollutants when not in an emissions-testing environment. The Environmental Protection Commission of Hillsborough County, Florida (Hillsborough), a unit of local government, sued Mercedes Benz USA, LLC (Mercedes) and Daimler Aktiengesellschaft (Daimler) (collectively, Appellants) for violation of a local ordinance that prohibits tampering with emissions control systems.

The district court dismissed Hillsborough's fourth amended complaint with prejudice. After careful review, we **AFFIRM**.

# I.

## A. Procedural History

Hillsborough is a unit of government responsible for protecting the local environment and natural resources. On September 24, 2020, Hillsborough initiated this action in the United States District Court for the Middle District of Florida.[1] That same day, Hillsborough filed an amended complaint to correct an error in the signature block. The next day, Hillsborough filed a second amended complaint to add information regarding the citizenship of the defendants at the district court's request.

In February 2021, the district court stayed this case pending the Supreme Court's decision on whether to grant certiorari in a related case. The Supreme Court denied certiorari, *see Volkswagen Group of America, Inc. v. The Environmental Protection Commission of Hillsborough County, Florida*, 142 S. Ct. 521 (2021) (Mem.), and the district court lifted the stay in November 2021.

Hillsborough moved for leave to amend its complaint to clarify that—in line with the Ninth Circuit's ruling in *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, & Products Liability Litigation*, 959 F.3d 1201 (9th Cir. 2020)—it was only alleging violations arising from post-sale conduct. The district court granted leave to amend, and Hillsborough filed its third amended complaint on December 16, 2021. Daimler and Mercedes moved

---

[1] Hillsborough also named Robert Bosch, LLC and Robert Bosch GmbH as defendants but later voluntarily dismissed the claims against them.

to dismiss.  On April 18, 2022, the district court granted the motion to dismiss the third amended complaint.  In its order, the court identified deficiencies in the tampering allegations but stated that Hillsborough might be able to cure them by "plead[ing] greater detail about the software updates, field fixes, and recalls on which its claims rely."  Thus, the district court stated that Hillsborough could amend its claims within fourteen days if it wished to do so.

### B.  Motion for Extension of Time to Amend Claims

On April 28, 2022, Hillsborough moved for a 90-day extension of time to file its fourth amended complaint.  Hillsborough requested the extension to allow time to supplement its allegations with information from outstanding records requests it had submitted in March 2022.  Hillsborough submitted Freedom of Information Act (FOIA) and public records requests to the Environmental Protection Agency (EPA) and the California Air Resources Board (CARB) seeking documents pertaining to "post-sale updates and modifications to the emission control system of the Affected Vehicles in this action, and their impact on emissions."

On May 11, 2022, the district court entered an endorsed order denying Hillsborough's motion for extension of time to file a fourth amended complaint, finding that the filing of the fourth amended complaint before the court considered the motion for extension of time rendered the motion for extension of time moot. The district court also found that the extension was due to be denied because Hillsborough failed to establish good cause to extend the amendment deadline by 90 days or more.

### C. Fourth Amended Complaint

On May 2, 2022, Hillsborough filed its fourth amended complaint alleging two claims—one for monetary penalties and one for injunctive relief—based on the alleged violation of Chapter 1-8, "Mobile Source," of the Rules of the Environmental Protection Commission of Hillsborough County (EPC Rules).  Chapter 1-8 was promulgated to implement the Florida Legislature's intent

> as declared in the Environmental Protection Act of Hillsborough County, to insure the atmospheric purity and freedom of the air in Hillsborough County from contaminants or synergistic agents resulting from the improper use and combustion of fuels in motor vehicles, or any other air contaminants released by the improper operation or servicing of motor vehicles.

EPC Rule 1-8.01.  Hillsborough further alleged that Daimler and Mercedes violated EPC Rule 1-8.05, which provides: "No person shall tamper, cause, or allow the tampering of the emission control system of any motor vehicle."  EPC Rule 1-8.05(1).

The fourth amended complaint alleged that Mercedes implemented post-sale software updates to the vehicles' emissions control systems.  These updates were made available to Mercedes dealerships via web-based computer programs.  When a vehicle was brought into a dealership for service, the dealership would input the vehicle identification number, which would bring up a list of any available software updates.  These updates were then installed during the service appointment.  Further, the fourth

amended complaint generally alleged that car manufacturers issue post-sale software updates pursuant to field fixes or recalls "via over-the-air updates, wherein vehicles receive software updates via satellite or Wi-Fi connections."

On May 16, 2022, Daimler and Mercedes moved to dismiss the fourth amended complaint. On September 20, 2022, the district court granted the motion to dismiss with prejudice, concluding that Hillsborough "has not stated plausible claims for violation of EPC Rule Chapter 1-8." In its order, the district court noted the limited, new allegations that Hillsborough had added to the fourth amended complaint—specifically, Hillsborough added the phrase "through field fixes and recall campaigns" throughout and added allegations from two other lawsuits. But the district court found that Hillsborough still failed to allege "additional information regarding the impact of the field fixes, recalls, or post-sale software updates on the vehicles' emission control systems." Thus, the district court held that Hillsborough failed to allege sufficient detail to plausibly state a claim for post-sale tampering and dismissed both claims with prejudice.

Hillsborough timely appealed.

## II.

We review de novo the district court's dismissal of a complaint for failure to state a claim. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012). "[A] pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed.

R. Civ. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, but the plaintiff must allege the grounds of its entitlement to relief, which "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

We review for abuse of discretion the district court's denial of motions for amendment and for extension of time. *See In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014*); Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1010–11 (11th Cir. 2017). Federal Rule of Civil Procedure 15 provides that courts "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15(a)(2) 'severely restricts' a district court's ability to dismiss with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (alteration adopted) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). A district court must permit a plaintiff at least one opportunity to amend before dismissing with prejudice if a more carefully drafted complaint might state a claim. *Id.* However, a district court need not grant leave to amend where: (1) there is undue delay, bad faith, dilatory motive, or repeated failure to fix deficiencies; (2) permitting amendment would cause the opposing party undue prejudice; or (3) amendment would be futile. *Id.*

### III.

Hillsborough argues (1) that dismissal was improper because the fourth amended complaint was sufficiently pleaded, and (2) that at a minimum the district court should have permitted another chance to amend prior to dismissal with prejudice. We address each argument in turn.

### A. Sufficiency of the Allegations in the Fourth Amended Complaint

First, Hillsborough argues that dismissal was improper because the fourth amended complaint was sufficiently pleaded under Federal Rule of Civil Procedure 8. We disagree. The allegations of the fourth amended complaint fall short of stating a plausible claim for relief based on the violation of EPC Chapter 1-8.

Hillsborough alleged that Appellants violated EPC Rule 1-8.05, which provides: "No person shall tamper, cause, or allow the tampering of the emission control system of any motor vehicle." EPC Rule 1-8.05(1). Here, the EPC Rules' definition of "tampering" is important in our analysis of whether Hillsborough plausibly alleged that Appellants violated the ordinance.

The EPC Rules define "tampering" as "the intentional inactivation, disconnection, removal or other modification of a component or components of the emission control system resulting in it being inoperable." EPC Rule 1-8.03(2)(h). Further, the EPC Rules define "inoperable emission control system" as "any emission control system or component thereof whose operation or efficiency has been circumvented, defeated, or deleteriously affected by

improper maintenance, improper up-keep, wear and tear, misfuelling, or tampering." EPC Rule 1-8.03(2)(c).

Thus, to allege a violation of the ordinance, Hillsborough needed to allege facts showing that Appellants intentionally modified the vehicles' emissions control systems in a way that rendered the systems inoperable or less efficient. Hillsborough's allegations fall short because they do not state that the post-sale software updates made the emission control systems inoperable or less efficient. It is worth emphasizing that Hillsborough is only asserting claims relating to Appellants' *post-sale* activities. This is why Hillsborough's allegations fail. The fourth amended complaint does not allege how—through post-sale activities—Appellants modified the vehicles' emissions control systems in such a way that rendered them *inoperable or less efficient*. The fourth amended complaint merely pays lip service to the post-sale software updates without alleging what effect, if any, the software updates even had on emissions.

The closest Hillsborough gets is by alleging that "numerous post-sale software updates to the emission control systems . . . have been implemented and installed throughout the United States, Florida, and Hillsborough County through field fixes and/or recall campaigns" and that "every post-sale update that does not remove the [defeat device] workaround" is illegal. But these allegations miss the mark because, even taken as true, they do not show how the updates rendered the emissions control systems inoperable or less efficient. Thus, the fourth amended complaint does not

contain sufficient factual matter to allege a facially plausible violation of EPC Rule 1-8.05. *Iqbal*, 556 U.S. at 678.

Hillsborough asserts that the allegations of the fourth amended complaint sufficiently put Appellants on fair notice of the claims against them. We disagree. Hillsborough's allegations simply provide more detail about how the post-sale software updates occurred. The allegations do not show how Appellants, through these updates, tampered with the emissions control systems in a way that violated EPC Rule 1-8.

Hillsborough further argues that the fourth amended complaint's reference to related litigation—specifically, a lawsuit against Mercedes brought by the EPA and CARB, and a lawsuit against Volkswagen involving similar defeat device software—satisfies Federal Rule of Civil Procedure 8. This argument also fails. Hillsborough simply cannot fill gaps in its allegations via reference to facts or allegations in other lawsuits. The information about the other lawsuits does not show how Appellants violated the anti-tampering ordinance in Hillsborough County.

Thus, dismissal of Hillsborough's claims with prejudice was proper because the fourth amended complaint fails to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. We affirm the district court's dismissal with prejudice.

### B. Extension of Time to Amend Claims

Second, Hillsborough argues the district court erred by not allowing another opportunity to amend, especially after Hillsborough demonstrated it could provide additional detail regarding

the impact of the post-sale updates. We disagree that another chance to amend was warranted under the circumstances.

Here, even disregarding Hillsborough's first two amendments (which made non-substantive changes), Hillsborough still had *two* opportunities (in its third and fourth amended complaints) over the span of roughly six months to substantively amend its claims after the stay was lifted in November 2021. In ruling on Appellants' motion to dismiss the third amended complaint, the district court found Hillsborough's allegations to be deficient, specifically identified the type of information needed to cure the deficiencies, and gave Hillsborough a chance to amend within fourteen days. After finding the allegations in the fourth amended complaint were still deficient, the district court dismissed Hillsborough's claims with prejudice. The district court acted within its discretion in dismissing with prejudice because it had already granted Hillsborough at least one chance to amend. *Garcia*, 48 F.4th at 1220.

Hillsborough also contends that an extension of time to file a fourth amended complaint—past the fourteen days that the district court ordered—was warranted to allow time for it to add information from the FOIA and public records requests to EPA and CARB. We are unpersuaded. Hillsborough had roughly six months to seek and obtain discovery between the time the stay was lifted in November 2021 and the filing of its fourth amended complaint in May 2022. But Hillsborough did not submit its FOIA and public records requests until March 2022—four months after the

stay was lifted. We are disinclined to find that the district court abused its discretion in denying an extension of time to amend under these circumstances, and in all events, district courts have wide latitude in managing their dockets. *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1167 (11th Cir. 2014) ("District courts have broad discretion in deciding how best to manage the cases before them." (internal quotation marks omitted)).

Thus, the district court acted within its discretion in denying Hillsborough an extension of time to amend its claims. Accordingly, we affirm.

**AFFIRMED.**