[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11599

Non-Argument Calendar

_____

CURTIS HUNTER,

Plaintiff-Appellant,

*versus*

RIVERBEND CORRECTIONAL FACILITY, et al.,

Defendants,

LIEUTENANT MORRIS,
In his/her individual and official capacity,
TAMMY BAILEY,
THE GEO GROUP INC,

2                    Opinion of the Court                22-11599

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:19-cv-00491-MTT

_____

Before NEWSOM, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Curtis Hunter, proceeding *pro se*,[1] appeals the district court's final judgment in favor of defendants in his civil action brought under 42 U.S.C. § 1983. On appeal, Hunter challenges the district court's orders (1) dismissing Hunter's claims against Dr. Steven Niergarth; (2) extending the time to file dispositive motions; (3) denying Hunter's motions to compel and to stay discovery; and (4) granting summary judgment in favor of The GEO Group, Inc. ("GEO") and Lieutenant Marcus Morris on Hunter's Eighth Amendment failure-to-protect and conditions-of-confinement claims.[2] No reversible error has been shown; we affirm.

_____

[1] We read liberally appellate briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] Construed liberally, Hunter's appellate brief raises no substantive challenge to the district court's grant of summary judgment in favor of GEO and

## I.

Briefly stated, this civil action arises out of a physical altercation among inmates on 10 December 2017, while Hunter was incarcerated at Riverbend Correctional Facility ("Riverbend"): a prison owned and operated by GEO. An initial fight broke out between members of two different gangs, after which the instigating inmate was placed in restraints. Following the initial incident, Lieutenant Morris ordered inmates secured in their dormitory units.

Shortly thereafter, a second fight erupted between members of the two gangs. Hunter was not a member of either gang. Nevertheless, Hunter says he intervened in the fight to try to calm the situation. During the incident, Hunter slipped on a wet area of the tiled floor, fell, and injured his right knee.

Hunter was first examined by the medical staff at Riverbend and was later referred to a private orthopedist, Dr. Niergarth. Hunter visited Dr. Niergarth three times between January and March 2018. Hunter was released from custody on 18 May 2018.

In December 2019, Hunter filed this civil action under 42 U.S.C. § 1983. Pertinent to this appeal, Hunter's amended complaint asserted a claim against Dr. Niergarth for deliberate indifference to a serious medical need, in violation of the Eighth Amendment. Hunter also asserted Eighth Amendment claims (1) against

---

Tammy Bailey on Hunter's Eighth Amendment claim for deliberate indifference to a serious medical need. That claim is thus not properly before us on appeal.

GEO[3] and Lieutenant Morris for failure to protect him from bodily harm and (2) against GEO for hazardous conditions of confinement.

In December 2020, the district court granted Dr. Niergarth's motion to dismiss, concluding that Hunter had failed to state a plausible claim for relief under the Eighth Amendment.

On 7 April 2022, the district court granted GEO and Lieutenant Morris's motion for summary judgment. In the same order, the district court denied Hunter's outstanding motions to compel and to stay discovery.

## II.

### A.    *Dismissal of Claims against Dr. Niergarth*

We review *de novo* a district court's dismissal for failure to state a claim, accepting all properly alleged facts as true and construing them in the light most favorable to the plaintiff. *See Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). To state a plausible claim for relief, plaintiffs must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant; plaintiffs must offer "factual content that

---

[3] Hunter's amended complaint named Riverbend as a defendant. GEO was later substituted as the proper party.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To state an Eighth Amendment claim for deliberate indifference to a serious medical need, a plaintiff must allege facts sufficient to demonstrate two things: (1) "an objectively serious medical need" and (2) "that prison officials acted with deliberate indifference to that need." *See Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). A prison official acts with deliberate indifference when he "(1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) acted with more than gross negligence." *Wade v. McDade*, 67 F.4th 1363, 1374 (11th Cir. 2023) (emphasis omitted).

The Eighth Amendment does not mandate that medical care for prisoners be "perfect, the best obtainable, or even very good." *See Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020). We have stressed that "medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See id.* (brackets omitted).

In his amended complaint, Hunter alleged these facts, which we accept as true and construe in Hunter's favor. On 11 January 2018, Dr. Niergarth took x-rays of Hunter's knee, provided Hunter with a stabilizing knee brace, and directed Hunter to return in one month. On 9 February, Dr. Niergarth took more x-rays and ordered an MRI on Hunter's knee.

On 7 March, Dr. Niergarth discussed the MRI results with Hunter.  Dr. Niergarth diagnosed Hunter with a tibial plateau fracture: an injury that could be fixed only by total knee replacement.  Dr. Niergarth, however, told Hunter that he was too young for a total knee replacement and that such a procedure would last only ten years.  Hunter says Dr. Niergarth then had Hunter return the stabilizing brace, provided no other brace, crutches, or pain medicine, and failed to refer Hunter to another orthopedic surgeon for a second opinion.

For purposes of this appeal, we accept that Hunter's knee injury constitutes an objectively serious medical need.  Hunter, however, has failed to allege facts showing plausibly that Dr. Niergarth's medical care was so grossly incompetent, inadequate, or conscience-shocking that it rose to the level of an Eighth Amendment violation.  That Hunter disagrees with Dr. Niergarth's medical opinions about Hunter's candidacy for a total knee replacement and about the continuing need for a stabilizing knee brace is insufficient to establish an Eighth Amendment violation.  *See Keohane*, 952 F.3d at 1266 ("[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment fails to support a claim of cruel and unusual punishment." (brackets omitted)).

The district court committed no error in dismissing -- for failure to state a claim -- Hunter's deliberate-indifference claim against Dr. Niergarth.

   B.    *Motions for Extension of Time*

Hunter next contends that the district court abused its discretion by twice granting GEO and Lieutenant Morris an extension of time to file a motion for summary judgment. We disagree.

To the extent Hunter argues that the district court erred in granting an extension absent a showing of excusable neglect, that argument is without merit. We have said that "[a] timely motion to extend is reviewed for good cause, not excusable neglect, . . . and should be liberally granted absent a showing of bad faith or undue prejudice." *See Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017) (quotation and citation omitted, alteration adopted); *see also* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if the court acts, or if a request is made, before the original time or its extension expires[.]").

GEO and Lieutenant Morris twice moved for a 14-day extension of time to move for summary judgment. GEO and Lieutenant Morris asserted that they had worked diligently to prepare their summary-judgment motion. About the first request, GEO and Lieutenant Morris also stated that an extension was necessary due to outstanding discovery issues and a pending hearing scheduled the day after the then-deadline for filing dispositive motions.

Because each extension request was made before the applicable deadline then-in-effect for filing dispositive motions, the requests were subject to good-cause review. The record supports a finding that good cause existed to grant the requested extensions. In addition, nothing evidences that the motions for extension were

filed in bad faith or resulted in undue delay or prejudice. The district court abused no discretion in granting GEO and Lieutenant Morris's motions for extensions of time.

      C.     *Motions to Compel Discovery and to Stay Discovery*

We next reject Hunter's arguments challenging the district court's denial of his motions to compel discovery and to stay discovery. We begin with some background.

In June 2021, Hunter moved for sanctions based in part on GEO's purported failure to produce specific prison surveillance videos. The district court conducted a hearing on Hunter's sanctions motion and ordered GEO to file a verified statement addressing the availability of the requested video evidence. GEO produced a sworn affidavit from an investigator at Riverbend confirming that GEO had provided all available videos to Hunter. On 24 August 2021, the district court denied Hunter's motion for sanctions. In doing so, the district court rejected Hunter's assertion that GEO had been untruthful about the availability of the requested video evidence.

One week later, Hunter filed the motion to compel discovery at issue. In his motion, Hunter sought to compel the production of the same video evidence that was central to Hunter's earlier sanctions motion. Given that the district court had already rejected Hunter's arguments about GEO's failure to produce additional video evidence, the district court committed no error in denying Hunter's later-filed motion to compel that same evidence.

Nor did the district court err in denying Hunter's motion to stay discovery: a motion filed two months *after* the close of discovery and two weeks *after* GEO and Lieutenant Morris moved for summary judgment.

We reject Hunter's contention that the district court violated his due process rights (1) by ruling on his motion to compel and his motion to stay discovery several months after the motions were filed, or (2) by ruling on Hunter's motions on the same day the district court granted summary judgment in favor of Defendants. Hunter has failed to demonstrate that the timing or manner of the district court's rulings deprived him of a constitutionally-protected interest or constituted constitutionally inadequate process. *See Worthy v. Phenix City, Ala.*, 930 F.3d 1206, 1223 (11th Cir. 2019).

### D.    *Summary Judgment*

Hunter next challenges the district court's grant of summary judgment in favor of GEO and Lieutenant Morris on Hunter's Eighth Amendment conditions-of-confinement and failure-to-protect claims.

We review *de novo* the district court's grant of summary judgment. *See Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." *Id.* at 836-37.

### 1. Conditions of Confinement

To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and a subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In a conditions-of-confinement context, a prisoner satisfies the objective component by showing an "extreme" condition that posed an "unreasonable risk of serious damage to his future health or safety." *See Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020) (quotations omitted). "[T]o satisfy the 'subjective component,' the prisoner must show that the prison official acted with deliberate indifference." *Id*. at 1088-89. "A prison official acts with deliberate indifference when he knows of and disregards an excessive risk to inmate health or safety." *Id*. at 1089 (quotations omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference requires a defendant to have "acted with more than *gross* negligence." *See Wade*, 67 F.4th at 1374 (emphasis in original).

Hunter has failed to present evidence sufficient to satisfy either the objective or subjective component of his conditions-of-confinement claim against GEO. Hunter argues chiefly that GEO knew about the condensation on the floor and failed to remedy it. But Hunter has not shown that the alleged condensation on the floor rose to the level of an "extreme" condition that posed an "objectively intolerable risk of harm." *See Swain*, 958 F.3d at 1088.

Nor has Hunter presented evidence that would support a reasonable inference -- or evidence demonstrating that prison

officials in fact drew the inference -- that the complained-of condition posed a substantial risk of serious harm.  To the extent prison officials knew about the alleged condensation on the floor or about a possible risk of a slip-and-fall, the alleged failure to remedy the situation is something more akin to negligence.  Hunter has thus failed to demonstrate a sufficiently culpable state of mind to trigger Eighth Amendment liability.

### 2. Failure to Protect

Hunter also contends that GEO and Lieutenant Morris exhibited deliberate indifference for his safety by failing to respond adequately to the 10 December 2017 altercation and by failing to implement appropriate policies and procedures for addressing inmate gang violence.

"To survive summary judgment on a deliberate indifference failure-to-protect claim, a plaintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) causation." *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020) (quotation and brackets omitted). "[A] prison official violates the Eighth Amendment in [a failure-to-protect] context only when a substantial risk of harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Id*. at 1276.

About Hunter's claim against Lieutenant Morris, Hunter has failed to present evidence sufficient to show that Lieutenant Morris was subjectively aware of a substantial risk of harm to Hunter arising from the 10 December 2017 incident.  Hunter was not a

member of either of the gangs involved in the initial altercation. Nor has Hunter shown that he was targeted for gang violence. The record supports the district court's determination that Lieutenant Morris's efforts to control the situation were reasonable and demonstrated no deliberate indifference to a known risk.

Moreover, Hunter cannot show that his knee injury was caused by Lieutenant Morris's purported deliberate indifference. Instead, Hunter participated voluntarily in the altercation and -- while attempting to kick a fellow inmate -- slipped and fell on an area of the floor that Hunter says was known to collect condensation. In other words, Hunter's injuries were caused by his own conduct, not by Lieutenant Morris's response (or lack thereof) to the situation.

The district court also concluded reasonably that GEO was entitled to summary judgment on Hunter's failure-to-protect claim. To prevail on an Eighth Amendment claim against a private company performing a state function -- like GEO -- a plaintiff must show that the company "advanced a policy or custom of deliberate indifference that led to the violation of [the plaintiff's] constitutional right." *See Ireland v. Prummell*, 53 F.4th 1274, 1289 (11th Cir. 2022) (quotations and emphasis omitted). "[T]o demonstrate a policy or custom, it is 'generally necessary to show a persistent and wide-spread practice.'" *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *see also Ireland*, 53 F.4th at 1290 ("[P]roof of a single incident of unconstitutional activity is not sufficient to demonstrate a policy or custom for purposes of § 1983 liability.").

Hunter has identified no persistent or widespread "policy or custom" that led to his injury. To the extent Hunter contends that the prison was routinely understaffed, we have said that prison understaffing does not rise to the level of an Eighth Amendment violation absent evidence of a "deliberate intent to inadequately staff" the facility. *See McDowell*, 392 F.3d at 1291.

We affirm the district court's grant of summary judgment in favor of defendants.

AFFIRMED.